DICK and another, Receiver, etc., *v.* OIL WELL SUPPLY Co., Limited.

*(Circuit Court, W. D. Pennsylvania.* September 19, 1885.)

PATENTS FOR INVENTIONS—WANT OF INVENTION.
> In this case, *held*, that the alleged want of patentable invention was not so obvious that the question of patentability could be examined and safely decided on demurrer.

In Equity. *Sur* demurrer to the bill of complaint.
*Joshua Douglass*, for complainants.
*James C. Boyce*, for defendant.

ACHESON, J. The cause of demurrer assigned upon the record is that the letters patent sued on are not for any patentable invention; the described improvement in the construction of drilling jars for oil wells being the mere substitution of one material for another. Now it is indeed true that the specification discloses that drilling jars had been made substantially of the form and shape described in the patent, usually of wrought iron alone, or in rare instances entirely of steel; but such jars, the specification also reveals, were defective—liable to become locked together and inoperative while in the well, or to break—for reasons fully explained. These practical difficulties, it is claimed, are obviated by the invention here, which consists in so combining iron and steel in the manufacture of drilling jars as to secure the necessary tensile strength in the parts subjected to great longitudinal strain, and the hardness of steel in the parts which give and receive the blow, and which are subject to great frictional wear, such end being secured by welding into the wrought-iron jar a steel headpiece to receive the blow, and by making of steel the inner faces of the link-bars where the frictional wear is the greatest. In view of the service required, and the obstacles to be overcome, is there an obvious want of patentable invention in this device? Whether an improvement in machinery is the result of mere mechanical skill and good judgment, or involves the exercise of the inventive faculty, is often a nice question. That the improvement here belongs to the category of invention, it must be presumed, was shown to the satisfaction of the officials in the patent-office, and I am not prepared to say, upon a mere inspection of the patent without any proofs bearing upon the subject, that the decision of the office was erroneous. Moreover, the bill of complaint alleges that Guillod was the "true, original, and first inventor" of the improvement, and that it was "not known nor used before." Still further, the bill sets forth that this court hitherto, in a contested case, particularly referred to, between other parties, made a decree, at final hearing upon the merits, sustaining the validity of the patent, and in another recited case granted a preliminary injunction to restrain infringement. The truth of all these allegations the demurrer admits. Perhaps cases may arise

where the question of patentability is so clear that it may be examined and safely decided on demurrer, but I think this is not such a case. If, then, the demurrer had no other ground of support, it would be overruled. But at the hearing the defendant's counsel (as he had the right to do, Daniell, Ch. Pr. 614, and note) assigned, *ore tenus*, another cause of demurrer, viz., that F. W. Ames, who sues in his own name as receiver of the Gibbs & Sterrett Manufacturing Company, has no title in or to the patent, and that the bill is defective on its face for want of the party holding title. This cause of demurrer must be sustained for the reasons set forth in the opinion just filed in the case of the *Same Plaintiffs* v. *Struthers, ante,* 103.