KAOLATYPE ENGRAVING Co. and another *v.* HOKE and another.

(*Circuit Court, E. D. Missouri.* March 24, 1887.)

1. PATENTS FOR INVENTIONS—ASSIGNMENT—PAST INFRINGEMENT.
Rights of action for past infringements are not conveyed by a mere assignment of the patent.

2. SAME—PLEADING—DEMURRER TO BILL—PATENTABILITY NOT ADMITTED.
The patentability of the thing patented is not admitted by a demurrer to a bill for infringement, alleging that the patentee was the first inventor.

3. SAME—MULTIFARIOUSNESS—JOINT INFRINGEMENT.
Where, in a suit for the infringement of a patent against H. and M., it was alleged that the defendants were doing business under the name of the H. E. Co., and that H. and M. had infringed since July 14, 1874, and on divers times and occasions between that time and the time of filing the bill of complaint, *held*, that it sufficiently appeared that the defendants had been jointly engaged in the alleged acts of infringement.

4. SAME—LACHES.
An allegation in a bill filed October, 1886, that the defendants have infringed "since July 14, 1874, and on divers times and occasions between that time and the time of filing the bill of complaint," does not show such a continuous use of the invention for such period as to bar all relief.

5. SAME—JUDICIAL NOTICE—DEMURRER.
Where, in a suit for the infringement of a patent, a copy of the specification is made a part of the bill, the patent may be declared void on demurrer, if facts of which the court is bound to take judicial notice clearly show want of invention in the subject-matter of the patent.

6. EVIDENCE—JUDICIAL NOTICE—DICTIONARIES AND CYCLOPEDIAS.
Judicial notice will not be taken of facts stated in encyclopedias, dictionaries, or other publications, unless they are of such universal notoriety and so generally understood that they may be regarded as forming part of the common knowledge of every person.

In Equity. On demurrer to bill.

This is a suit brought October, 1886, against Joseph W. Hoke and Charles D. Moody, to restrain the alleged infringement of letters patent No. 153,084, granted July 14, 1874, to Maurice Joyce, for an improvement in processes of producing relief-line metal plates for printing, etc. The bill alleges that Mr. Joyce was the first inventor of the improvement described in said patent; that the defendants are "doing business under the name of the Hoke Engraving Company;" and "that since the fourteenth day of July, 1874, and on divers times and occasions between that time and the time of filing this, your orators', bill of complaint, the defendants herein, Joseph W. Hoke and Charles D. Moody, in the city of St. Louis, in the Eastern district of Missouri, * * * have made, used, and sold, and caused to be made, used, and sold, and are now making, using, and selling, large numbers of plates produced by the process shown, described, and claimed in the aforesaid letters patent." The Kaolatype Engraving Company sues as assignee of the patent, and the other defendant as licensee of the Kaolatype Engraving Comyany. The assignment of the patent is alleged to have been executed February 11, 1880, but no assignment of any right of action is alleged to have been made.

A copy of the specification of the patent is made a part of the bill. The claims are as follows:

"(1) The process of preparing a matrix for producing metallic relief-line stereotype plates, by spreading a coating of plaster, clay, or other suitable material upon a metallic base, and cutting the desired design clear through such coating to the metallic surface, substantially as described.

"(2) A matrix for producing cast-metal stereotype plates, consisting of a metallic base or supporting plate, provided with a coating of clay, plaster, or equivalent material, and having the desired design cut clear through to the base-plate, substantially as described.

"(3) A cast-metal relief-line plate for printing or ornamental purposes, when obtained by the process and in the manner hereinbefore set forth and claimed."

The specification states that the plates, when engraved, "resemble a mould for a stereotype plate as used in the clay or plaster process of stereotyping, except that the lines and letters are cut entirely through the plaster," and that the metal stereotype is cast "in any manner usual in the stereotypers' art." The only advantage claimed is the speed with which the mould may be manufactured.

It was contended on behalf of the complainants, among other things, that the demurrer admitted patentable invention.

The other material facts are sufficiently stated in the opinion of the court.

*George H. Knight,* for complainants.

*Benjamin F. Rex,* for defendants.

THAYER, J. 1. In the above case the court is of the opinion that it sufficiently appears from the bill that the defendants are jointly engaged in the alleged acts of infringement, and that the first point of the demurrer, to the effect that the bill is multifarious, should be overruled. We are also of the opinion that it does not affirmatively appear that the plaintiff has been guilty of such laches as to preclude it from obtaining relief. The allegation is that since the date of the letters patent, on June 14, 1874, on divers times and occasions, the defendants have used and sold the invention. This language does not imply a continuous use of the invention for such period as to bar all relief. The second point of the demurrer is accordingly overruled. The description of the assignment under which complainants derived title to the letters patent on February 11, 1880, is in such language that it would not entitle the complainants to damages for any infringement prior to that date. The assignment as described in the bill merely carried the title to the letters patent as of that day; it did not transfer any right to sue for damages previously incurred. The third point of the demurrer is accordingly well taken. Complainants are not entitled on the averments of the bill to a discovery, or to relief for acts committed prior to February 11, 1880.

2. The other points of the demurrer are more vital. We are, in effect, asked to declare, on an inspection of the patentee's claims as set forth in the bill, that the claims disclose no invention. If facts exist of which the court is bound to take judicial notice, and those facts clearly estab-

lished want of invention in the matter claimed by the complainants, undoubtedly we can declare the present patent void on demurrer, inasmuch as the patentee's description and claims form a part of the bill. *Brown* v. *Piper*, 91 U. S. 41; *Slawson* v. *Railroad Co.*, 107 U. S. 649, 2 Sup. Ct. Rep. 663. As the case has been presented, the question really before us is whether we will take judicial notice of certain processes described in various mechanical dictionaries, encyclopedias, and other publications produced on the hearing of the demurrer, and, by reason of our taking judicial cognizance of such processes, determine that the patent in question does not describe an advance in the art to which it appertains, rising to the dignity of an invention. Besides those facts of which courts are bound by law to take judicial notice, they will ordinarily only take notice of facts of universal notoriety,—of facts that are so generally understood that they may be regarded as forming part of the common knowledge of every person. *Brown* v. *Piper, supra.* The matters of which we are asked to take judicial cognizance in this instance, and thereupon declare the invalidity of this patent, do not strike us as falling within the last category. They are a class of facts which might more properly be called to our attention on the hearing (with opportunity to the other side to rebut or explain) as tending to show the state of the art to which this patent appertains, and for the purpose of enabling us to determine whether this patent really describes a newly-discovered process which called for an exercise of the inventive faculty. The remaining points of the demurrer we accordingly overrule.

Answer having been filed, this case was dismissed by the complainants, April 26, 1887.