BLESSING *et al.* *v.* JOHN TRAGESER STEAM COPPER WORKS.

(*Circuit Court, S. D. New York.* April 23, 1888.)

1. PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—DEFENSE OF NON-PATENTABILITY.

A demurrer for non-patentability apparent upon the face of the patent should not be allowed unless the instrument is so palpably destitute of invention that the court can say that no question of fact can arise upon it.

2. SAME—COMPLAINT.

A complaint for the infringement of letters patent must state that the invention had not been in public use or on sale for more than two years prior to the application therefor. It is not sufficient to state that it was not in public use or on sale with the consent of the inventor.

At Law. Demurrer to a complaint for infringement of letters patent.

*George G. Frelinghuysen*, for plaintiff.

*Frederic H. Betts* and *J. E. Hindon Hyde*, for defendant.

SHIPMAN, J. This is a demurrer in an action at law for the infringement of letters patent No. 80,441, dated July 28, 1868, for an improvement in copper-lined bath-tubs. Two grounds of demurrer are assigned: (1) That the complaint, of which the letters patent are made a part, by profert, does not state facts sufficient to constitute a cause of action, because it is apparent on the face of the patent that it does not contain a patentable invention. (2) That the complaint does not state that the invention had not been in public use or sale in this country for more than two years before the date of the application. It avers that the invention was not, at the time of the application, in public use, or on sale with the consent or allowance of the inventor, contrary to the provisions of the statute of the United States.

The first ground of demurrer raises the question whether the described improvement is so obviously the result of a mere exercise of mechanical skill that the patent is void upon its face, and must be adjudged to be invalid. It is well settled that, in a bill in equity for the infringement

of a patent, if the patent is void on its face by reason of want of patentable invention or of novelty, when the pre-existing device is a thing in the common knowledge and use of people throughout the country, the court may stop at the instrument itself, and, without looking beyond it, adjudge in favor of the defendant. *Brown* v. *Piper*, 91 U. S. 37; *Slawson* v. *Railroad Co.*, 107 U. S. 649, 2 Sup. Ct. Rep. 663. In an action at law upon the patent, if it is plainly void upon its face, it is likewise true that the court has the power so to adjudge, upon a demurrer; or, if a demurrer is not interposed, and after hearing the evidence upon the alleged question of fact, the court is of opinion that there is no question which can be submitted to the jury, it is its duty to direct a verdict. Where the question whether the improvement required inventive skill for its production actually exists, it is one of fact for the jury. *Poppenhusen* v. *Falke*, 5 Blatchf. 46, 49; *Shuter* v. *Davis*, 16 Fed. Rep. 564. In almost all cases the nature of the subject demands that the triers should be instructed by the testimony of those skilled in the art to which the patent relates, and therefore a demurrer for non-patentability apparent upon the face of the instrument should not ordinarily be allowed. *Teese* v. *Phelps*, 1 McAll. 17. To decide, in advance of an opportunity to give evidence, that no evidence can possibly be given upon the question of invention which would permit the case to be submitted to the jury, seems to me to be ill advised, except in an unusual case. I am aware that there probably are patents which, upon their face, are so palpably destitute of invention that a court would not hesitate to decide, upon demurrer, that no question of fact can arise upon them; but, except in that class of cases, it is not expedient to anticipate a result at which the court may properly arrive after a trial upon the merits, and an opportunity to give testimony. In this case the patent was granted in 1868, and while it seems to me to have been a very weak one, and while the invention appears not to have been worthy of the favorable notice of the patent-office, my memory does not inform me that it was easily accessible when it was made, and I do not wish to assume that I cannot be better instructed than I am at present as to the degree of ingenuity which the improvement required. The first ground of demurrer is not sustained.

The second ground is founded upon the decision in *Andrews* v. *Hovey*, 123 U. S. 267, 8 Sup. Ct. Rep. 101, which was affirmed upon rehearing. Id. 676. That the effect of the seventh section of the act of March 3, 1839, (5 St. 359,) was "to take away the right (which existed under the act of 1836) to obtain a patent after an invention had for a long period of time been in public use without the consent or allowance of the inventor. It limited the period to two years, whether the inventor had or had not consented to or allowed the public use." The supreme court then decided that a patent could not properly be granted, under the act of 1839, for an invention which was in public use or on sale for more than two years prior to the application therefor; and it seems that, in regard to patents which were issued under that act, the same necessity exists for the averment that the invention was not in public use or on sale for the specified period which has existed in regard to patents which have

been issued under and since the act of 1870. This complaint was drawn before the decision of the supreme court in *Andrews* v. *Hovey*, and the pleader followed the usual practice which then prevailed. The second ground of demurrer is allowed, with liberty to the plaintiff to amend within 20 days, without costs.