## BOTTLE SEAL CO. *v.* DE LA VERGNE BOTTLE & SEAL CO.

*(Circuit Court, D. New Jersey.  July 8, 1891.)*

1. **PATENTS FOR INVENTIONS—NOVELTY—BOTTLE STOPPERS.**

   Letters patent No. 438,709, issued October 21, 1890, to William Painter, for a device for extracting an arched bottle stopper by attaching a headed stud to the crown of the arch, and applying force thereto, so as to cause a retroversion of the arch destructive of the lateral pressure of the stopper, and so rendering its removal easy, were not anticipated by the ordinary stoppers of wash-basins and bath-tubs, or by ordinary ink-bottle corks with their attendant corkscrews.

2. **SAME—ANTICIPATION.**

   Nor was said patent anticipated by the statement in letters patent No. 327,099, issued in September, 1885, to said William Painter, that "it is sometimes desirable to remove the disk stopper without the use of a tool.  In such cases I form the disk with a lug or ear.  I may also attach to the disk an eye of wire, like the shank of a button, or a string, cord, or other device to facilitate its removal."

3. **SAME—EQUITY PLEADING—DEMURRER.**

   The validity of a patent may be attacked for lack of inventive novelty by demurrer to a bill to restrain infringement, although the bill properly alleges the novelty and usefulness of the patented device.  Following *Brown v. Piper,* 91 U. S. 44.

4. **SAME—JUDICIAL NOTICE.**

   Courts will not take judicial notice of patents for inventions.

In Equity.

*Wetmore & Jenner,* for complainant.

*Banning, Banning & Payson,* for defendant.

GREEN, J.  This matter comes before the court upon demurrer to the bill of complaint.  The bill is in the usual form of bills of complaint, seeking injunction and relief upon an alleged infringement of letters patent.  It sets forth that in September, 1885, one William Painter, of Baltimore, Md., being the original and first inventor of a certain new and useful improvement in bottle stoppers, which had not been known or used by others in this country, and had not been in public use for more than two years prior to the application for letters patent, was granted letters patent bearing date the said ——— day of September, 1885, and numbered 327,099.  That on October 21, 1890, the said William Painter, having invented another new and useful improvement in bottle stoppers, not before known or used in this country, was granted therefor letters patent bearing the said date, and numbered 438,709.  That these letters patent, by certain indentures of assignment, have been granted, assigned, and transferred to the complainant, who is now the sole and exclusive owner thereof.  That the inventions and improvements described and claimed in said respective letters patent were and are capable of joint use, and were and are so conjointly used, and are intended so to be; and that the said inventions and improvements, and each of them, are designed and intended to be used together and in combination and connection with bottles or similar vessels.  That said improvements and inventions are of great pecuniary value to the complainant; are of great benefit and advantage to the public; and that the public has generally acknowledged and acquiesced in the rights of the complainant under said letters patent.

The bill then charges that the defendant is infringing both of the said letters patent willfully and knowingly, to the irreparable loss and injury of the complainant, and prays for a writ of injunction, and for other customary relief. This bill of complaint, so far as the alleged infringement of letters patent No. 327,099 is charged, the defendant has fully answered; but to so much of said bill of complaint as charges and seeks relief for the alleged infringement of letters patent No. 438,709, a general demurrer has been interposed. The causes of demurrer assigned are that the alleged improvements in bottle stoppers supposed to be secured by said letters patent are lacking in novelty, invention, and patentability. It is a general principle in equity pleading that, as a demurrer proceeds on the ground that, admitting the facts stated in the bill of complaint to be true, the complainant is not entitled to the relief sought, all matters of fact are admitted by the demurrer, and cannot be disputed or disproved in aid thereof, and such admission extends to the whole matter and form in which it is stated in the bill. Treating the question before the court simply as one of pleading, it would be exceedingly difficult to find the slightest ground for the justification of a demurrer in the present bill of complaint. The bill is complete, full, and orderly in its statements. It avers properly that Painter was "the original and first inventor of certain new and useful improvements in bottle stoppers," as fully described in the letters patent referred to; that said invention and improvement "had not been known or used by others in this country, and had not been patented or described in any printed publication in this or any foreign country, before the invention and discovery thereof, and had not been in public use or on sale for more than two years prior to the application for letters patent." It further avers that "said invention has been and is of great benefit and advantage, and that the public has generally acknowledged and acquiesced in the rights of the complainant under said patents." It finally charges in express and precise terms that the defendant willfully infringes said letters patent by making, selling, and using the improved "bottle stoppers," protected by the letters patent, to the irreparable loss and injury of the complainant. Every one of these averments is admitted to be true by the demurrant. Certainly, under such admission, stronger ground for equitable relief could hardly be shown. The right, the infraction, the irreparable injury, the actor in the wrongdoing, are clearly set forth and described. As a pleading in a cause, this bill of complaint is not open to adverse criticism in any particular.

But it is claimed by the defendant that, notwithstanding the effect of the demurrer upon the averments of the bill, the invention alleged to be protected by the letters patent of October, 1890, is wholly wanting in patentable novelty, and that such defect appears from the very letters patent themselves, or by reason of other matters, of which the court will take judicial notice. In other words, although the defendant admits the usefulness and novelty of the invention, yet the insistment is that such usefulness and such novelty are really negatived by the letters patent in question, or by matters of common knowledge. Notwithstanding this incongruity resulting from the contradiction of the pleading by the con-

tention of the defendant, it must be taken as settled that the validity of a patent may be attacked for lack of inventive novelty by way of demurrer. The leading case of *Brown* v. *Piper*, 91 U. S. 44, so holds, and is necessarily a controlling authority. But it is equally certain that a demurrer for such cause can only be sustained in those cases where the court can adjudge the device described and claimed in the letters patent to be without patentable novelty, without the least *scintilla* of evidence, and solely because of facts of which the court is bound to take judicial notice. There are two reasons assigned by the defendant in support of its demurrer. The first is based upon the letters patent themselves, which, it is insisted, are void upon their face. The second is drawn from the state of the art at the time the letters patent were granted, and the contention is that the court will take judicial notice of that as disclosed either in publications, by the general use by the public of articles or devices similar to that described in the letters patent and anticipatory of it, or in other letters patent granted previously to the application for these letters patent by the complainant. An examination of the letters patent under consideration shows that the complainant, having previously invented a bottle stopper involving in its design the principle of the arch, which immediately met with great success, discovered by experience that the one defect in his device was the absence of means surely to extract it from the neck of the bottle, easily, readily, and without injury to the stopper itself. To remedy this defect was the problem he set himself to solve. He did solve it in this way: He attached to the stopper, at its center, a headed stud, to which a tool could be applied with great facility and precision, and thereby the stopper extracted with ease. This stud, he declared, might be in the form of a straight shaft, passed through the disk stopper, and was to be provided with a head at each end, or it might be made of a wire staple, passing through the disk, having its ends twisted together to form a hold for the extracting instrument. Previous to this conception, the stopper was extracted in one of three ways, as stated by the complainant in the second patent: (1) By means of a pointed instrument, which would penetrate the substance of the stopper, and then lift it out, inverting its arch; (2) by rotation under pressure applied to one edge of the stopper; (3) by means of an ear or flap attached to one edge of the stopper,—all of which, however, were far from satisfactory. The defendant insists that in the first letters patent granted to the complainant another or a fourth way of extracting the stopper from the mouth of a bottle was described as follows:

"It is sometimes desirable to remove the disk stopper from the bottle without the use of a tool. In such cases I form the disk with a lug or ear. I may also attach to the disk an eye of wire, like the shank of a button, or a string, cord, or other device to facilitate its removal."

This last described device—the eye of wire, like the shank of a button, or string or cord, or other device to facilitate removal—the defendant declares describes exactly, or, if not with exactness, certainly substantially, the very device for which the last letters patent were granted. And it is insisted that things described, but not claimed, in a patent, cannot

form the subject of a subsequent patent; it being well settled that whatever is described in a patent, but not claimed, is dedicated to the public, unless, indeed, where the omission to claim was the result of accident or mistake, and a prompt application for a reissue of the letters patent enabled the inventor to recover and secure what had been unwittingly overlooked. The application of this principle, it is contended, would utterly destroy the validity of the letters patent in this case, and so, depriving the complainant of a right to relief, justify the demurrer. The principle relied upon by the defendant is perfectly well settled, and, if applicable to this litigation at its present stage, would undoubtedly bar the right of the complainant to appeal to a court of equity for relief. The alleged infringement of the defendant would be no infringement, but only the exercise of a right with which, in common with the public generally, it had been endowed by the formal action, or perhaps it would be more correct to say non-action, of the complainant. But I am not willing to give to the statements in the first letters patent the construction contended for by the defendant. I do not regard the so-called "fourth method" of extracting the bottle stopper as a distinctive method, separate or different from the third method. The inventor, in describing his third method of extraction of the stopper, is referring solely to the removal of the stopper without the use of a tool. To do that he attaches to the side of the stopper a lug or ear, a slight pull upon which will loosen and remove it. He adds, "I may also attach to the disk an eye of wire, like the shank of a button," etc. This seems to me to be a mere substitute for the lug or ear, to be attached, as was the lug or ear, to the side of the stopper; certainly its statement as a means of removal would not suggest a removal by a force applied to the under side of the stopper, causing a retroversion of the arched stopper, the destruction of the lateral pressure of the stopper upon the sides of the bottle, and a speedy and sure extraction. If I am correct in this conclusion, it follows that there was no disclosure in the first letters patent of a means of extraction of bottle stoppers now claimed to be the proper subject of the second letters patent, and, if so, then the principle relied upon by the defendant as destructive of the complainant's right to relief is not applicable. Nor am I willing to hold as a matter of law, upon this presentation of the case at bar, that the collocation of admittedly old elements, as described in the complainant's second letters patent, is a mere aggregation, and not a patentable combination. I am willing to say frankly that the argument of defendant's counsel has raised a very serious doubt whether this new method of extraction of bottle stoppers is the resultant of a combination, due to the co-operative action of each element in that combination, and wherein every separate constituent of the combination qualifies each and every other. But a doubt is not sufficient to destroy the validity of a patent which has passed the ordeal of being granted. Besides, to hold letters patent invalid upon a demurrer the judgment must be surely based upon certainty. Doubts must be resolved against the defendant. Unless the demurrant's contention forces absolute conviction, the demurrer must fall.

It was further urged that the device of the complainant, as described in the letters patent, was lacking in patentable novelty, inasmuch as it has been anticipated, almost since the memory of man ran not to the contrary, by numerous similar devices, such as the stoppers of stationary wash-basins, of bath-tubs, of ink-bottles, and many others alleged to be fully described in Knight's Mechanical Dictionary, and other encyclopedias, as well as by many other devices, more or less similar, described in letters patent, copies of which were referred to, and exhibited on the argument, in illustration of the contention of counsel. And it was strenuously insisted that the court, upon this argument, would take judicial notice of these anticipatory inventions and devices, and because of them adjudge the device of the complainant to be without patentable novelty. It is true that courts, in addition to those facts of which by law they take judicial notice, will also, in some instances, take notice of facts forming part of the common knowledge of every one. I doubt, however, whether the facts urged upon the court in this connection fall fairly within such category. If it be admitted that they do, such admission would not aid the defendant. The letters patent in controversy secure to the complainant a device for extracting an arched bottle stopper by the application of force to the crown of the arch, causing a retroversion of the arch destructive of the lateral pressure of the stopper, and its consequent and easy removal. Does the stopper of an ink-bottle, with its little attendant corkscrew, suggest in the slightest degree the device so acting, and its mode of action? or does the stopper of a wash-basin or of a bath-tub possess any valuable suggestive power in the premise? Can it be justly said that either the one or the other, in itself, or in the usual method of its extraction, anticipates the peculiar stopper of the complainant, or his device and method for its removal? The answer must be in the negative.

So far as the devices protected by the letters patent are concerned, and claimed to be anticipatory, it is only necessary to remark that upon this argument no notice can be taken of them. The only way by which knowledge of them or of the letters patent protecting them can be brought to the court is by due and legal proof. It has never been supposed that letters patent could be taken judicial notice of by courts. There is nothing in their character nor their contents to so dignify them. They are simply contracts reduced to writing, capable of being recorded, and of being proved in a particular way. A court is no more bound to take notice of their contents or their existence than it is bound to notice a deed of conveyance, or a mechanic's lien unproved. The demurrer is overruled.