Putnam, Circuit Judge.
One ground of demurrer assigned is that the bill is defective because it does not, in terms, allege a joint infringement, or at least set out sufficient facts from which a joint infringement can be gathered. Neither party has furnished me any decision of any *127 court, or any observation of any text writer, or referred me to approved forms, directly touching this proposition, unless Rob. Pat. § 1104, and Shickle v. Foundry Co., 22 Fed. Rep. 105. What is said in Robinson on Patents rests entirely on Shickle v. Foundry Co.; and this case was an oral ruling, made apparently conversationally, without any citation of authorities or expression of well-considered reasons, and under such circumstances that the court may very likely have gathered from other parts of the bill that, prima facie, the defendants were in fact several infringers. This case is. not sufficient to satisfy me that for this matter there is any special rule applicable to bills for infringement of. patents not found elsewhere. The cases and text-books are full of expressions that, in bills of this nature, a general allegation of infringement is sufficient, thus conforming to the common practice in other suits, and giving the impression that there is no special rule to be observed by patentees in framing pleadings at law or in equity
In actions at common law, whether on torts or in contract, in bills in equity for waste or nuisance, and even in pleadings of so high a character as indictments for murder and piracy, a general allegation charging those named as defendants, or those indicted, without the interpolation of the word “jointly ” or its equivalent, is sufficient; and I can see no reason why it is not sufficient in bills like this, in which the common act does not in law necessarily involve a conspiracy, but, as with ordinary torts, is proven by showing common wrongdoing, without alleging or especially proving a common intent. The rules of the supreme court have stricken from bills in equity the common confederacy clause, but for all ordinary bills this was long since recognized as of no intrinsic value, and its omission can hardly require the interposition of new allegations. I know of no more approved forms than those given in Curtis’ “Equity Precedents,” where I find the frame of a bill in behalf of the owners of a patent against two defendants. This nowhere alleges that defendants jointly infringed, nor does it contain an equivalent therefor. It is true that the form uses the common confederacy clause, in the following words, namely, “that the said defendants have confederated to use the said improvement;” but the portions which properly constitute the statement of the infringement conform literally to the bill in the case at bar. In the absence of any sufficient authority showm to me to the contrary, I shall apply the rule of pleading usual everywhere else, and hold that the bill sufficiently alleges a common infringement.
The principal ground of the defendants’ demurrer is that the patent sued on appears on its face void for want of invention. This proposition was stated at the oral argument to have reference to the state of the aft; but it was not claimed that, independently of what is set out in the specifications, the court could take judicial knowledge thereof. Reference was made especially to those portions which state that, prior to the alleged invention sought to be covered by the patent, the insulating properties of paper were known, and also that, in some positions for small spaces or for temporary uses, sheet paper had been wrapped about the conductor, and that it had been suggested that paper pulp be coated *128 upon the latter. It may be that other portions of the specifications, more or less relevant, were referred to on this point.
It was also claimed that, by making profert of the letters patent, these specifications were made a part of the bill. This is undoubtedly correct. Nevertheless, they were not thus made a part of it more effectually, or for any different purpose, than if set out in the bill at length. A bill in equity does not necessarily make ail the statements of fact contained in a contract or letters patent, or other instrument, proper parts of its pleadings, either by referring to them, or by annexing as an exhibit, or by making profert, or by reciting the tenor at length. With reference to letters patent, the claim or claims become, of course, a fundamental portion of the allegations of the bill, so far as any of them—in case there are more than one—are relied on by the complainant. So everything in the specifications which must be resorted to by the court in construing the claims might be considered as part of the complainants’ pleadings. But all portions which merely set out the state of the art are, like recitals of facts in contracts or other instruments, more or less conclusive on the party who sets them up, yet in the eyes of the law explainable, and not absolutely presumed to have been so alleged as to become the subject of demurrer. Especially must this be so with specifications in patents, in which many statements are necessarily complex, relate to unfamiliar topics, and are not easily understood without extrinsic evidence. It is true that, so far as the specifications contain any representations which, if erroneous, may be presumed to have misled the patent office to the detriment of the public, the patentee may be estopped. On the other hand, I do not understand the law has gone so far as to forfeit a valuable patent because the patentee has inaptly, or somewhat inaccurately, described the state of the art, or that it conclusively prohibits him from showing such inaptitude or inaccuracy, if it also appears that the public has not been prejudiced thereby; and in the case at bar, where the state of the art has been set out, not so positively or categorically as the respondents seem to assume, but somewhat confusedly and with qualifications, I should be unwilling to hold on a demurrer that there was no possibility that the complainants might introduce evidence placing their alleged invention in a more favorable position than the respondents assign for it.
I am not aware that in this circuit the practice of demurring on the ground of the want of invention has obtained a footing. The mischief of permitting it unnecessarily is well pointed out by the reference of Judge Blodgett to the crop of demurrers which one of his decisions occasioned in the northern district of Illinois. Manufacturing Co. v. Adkins, 36 Fed. Rep. 554. I am not able to ascertain that the practice of this character which- exists in some of the districts has ever had the direct approval of the supreme court. The expressions in Brown v. Piper, 91 U. S. 37, frequently referred to, do not seem to go to that extent; as in that case there were a bill, answer and proofs, so that the complainant had had full opportunity, and all possible facts were before the court, In such a record the court might .with safety say that there was nothing on the face of the patent itself which could require its attention. In New *129 York Belting Co. v. New Jersey Rubber Co., 187 U. S. 445, 11 Sup. Ct. Rep. 193, where the subject-matter was that of a design, the court overruled the demurrer on the merits, without either expressly condemning or approving the practice on this point. It is true, nevertheless, that in several districts this practice is sustained; and it is also approved by Rob. Pat. § 1110, and by Mr. Gould’s notes to Story, Eq. Pl. (10th Ed.) § 452. In Blessing v. Steam Copper Works, 34 Fed. Rep. 753, Judge Shipman uses the following language: “To decide, in advance of an opportunity to give evidence, that no evidence can possibly be given upon the question of invention which would permit the case to be submitted to the jury, seems to me to be ill-advised, except in an unusual case.” This would seem especially so if the questions, not only of value and usefulness, but of novelty, are to be in any degree determined by what transpires subsequent to the issue of the patent, as was suggested in Magowan v. Belting Co., 141 U. S. 332-343, 12 Sup. Ct. Rep. 71, and The Barbed Wire Patent, (Washburn & M. Manufg Co. v. Beat ’Em All Barbed Wire Co.,) 143 U. S. 275, 12 Sup. Ct. Rep. 443; even with such qualifications as appear in McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. Rep. 76, and Adams v. Stamping Co., 141 U. S. 539, 12 Sup. Ct. Rep. 66.
However, without undertaking to settle whether in any case a demurrer can be allowed for want of invention appearing on the face of the patent, or whether, in this particular case, the stale of the art would be, with the aid of the recitals in the specifications, a matter of judicial knowledge, I hold that the recitals relied on by the respondents are not made by the profert a part of the complainants’ allegations, in any technical or proper sense, so that they can be considered on demurrer, and that, aside from such recitals, the court cannot take cognizance of the state of the art to which this particular patent relates. I am aware that in Fougeres v. Murbarger, 44 Fed. Rep. 292, and in Studebaker Bros. Manufg Co. v. Illinois Iron & Bolt Co., 42 Fed. Rep. 52, in each of which cases the demurrer was sustained, the court read into the bill statements of facts found in the specifications; but I do not perceive that the propriety of doing so was considered, and the practice seems so clearly violative of fundamental principles of correct pleading that I am compelled to follow my own conclusions. I believe that of all the cases properly in point which have been cited in the briefs, or otherwise found, the demurrer was sustained in only three.
Demurrer overruled, with costs for complainants to the time of filing respondents’ answer; respondents to answer on or before rule day in October next.