### RODWELL MANUF'G CO. v. HOUSMAN.

(Circuit Court, E. D. New York.    November 21, 1893.)

PATENTS—SUIT FOR INFRINGEMENT—DEMURRER.
    A demurrer to a bill for infringement must be overruled unless the
    patent is so void on its face as to require no defense.

In Equity.    Suit by the Rodwell Manufacturing Company against
Moses Housman for infringement of a patent.    Heard on demurrer
to the bill.    Overruled.

C. H. Duell, for plaintiff.
H. A. West, for defendant.

WHEELER, District Judge. This suit, brought upon letters
patent No. 477,429, dated June 21, 1892, and granted to Arthur
Martyn, for a method of making advertising signs by molding or
stamping the letters or symbols in plastic or ductile material, and
placing them under glass, the field of which is covered, leaving a
similar pattern, has been heard on demurrer to the bill. Unless the
patent is so void on its face as to require no defense to a suit upon
it, the demurrer must be overruled, and the defendant left to make
his defense according to the provisions of the statute governing such
defenses and the principles of procedure. Rev. St. U. S. § 4920; New
York, etc., Co. v. New Jersey, etc., Co., 137 U. S. 445, 11 Sup. Ct. 193;
Blessing v. Copper Works, 34 Fed. 753; Indurated, etc., Co. v. Grace,
52 Fed. 124; Goebel v. Supply Co., 55 Fed. 825. The specification con-
tains a disclaimer of similar signs, but not of this method of making
them, which, as an art, is patentable separately from the signs them-
selves, if sufficiently new and useful. The several steps of the
method are said to be and are old, but the combination of them
producing this result is not known to be, nor even said to be. The
disclaimer of signs made by carving is said to be a disclaimer of
every obvious method of making similar signs, but the court cannot
say that the method of this patent was so obvious before Martyn
made it so.

Demurrer overruled; bill to be answered by December rule day.