## DAVOCK v. CHICAGO & N. W. R. CO.

(Circuit Court, N. D. Illinois, N. D. July 27, 1895.)

PATENTS FOR INVENTIONS—NOVELTY—ANGLE SPLICE FOR RAILWAY JOINT.

Letters patent No. 228,347, issued June 1, 1880, to James Hawks, for "angle' splice for railway joint," consisting of "a splice made angular in cross section, and having its base flange constructed with a bend whereby the base flange of the splice is adapted to fit upon the bases of two abutting rails of unequal height," are not void on their face, for want of patentable invention and novelty, although they inferentially admit that angle splices are not new for that purpose, and only claim them when bent as described, and although they state that "these joints have usually been formed by fish plates, the ends of which were arranged at different heights, corresponding with the position of the rails."

In Equity. On demurrer to bill.

Suit by Harlow P. Davock against the Chicago & Northwestern Railroad Company to restrain the infringement of a patent.

Charles Loughridge, for plaintiff.
George Payson, for defendant.

SEAMAN, District Judge. The defendant demurs to a bill of complaint alleging infringement of letters patent No. 228,347, issued to James Hawks, June 1, 1880, for "angle splice for railway joint," and assigned to the complainant. The first claim of the patent is this:

"A splice made angular in ' cross section, and having its base flange, i, constructed with a bend, k, whereby the base flange of the splice is adapted to fit upon the bases of two abutting rails of unequal height, and having its vertical web, L, fitted under the heads of the abutting rails, substantially as set forth." .

And the second claim is for a combination, with rails of unequal height, of two of the angle splices of the first claim, bolted to the rails.

The sole ground asserted for the demurrer is that the patent "is wholly invalid on its face, for want of patentable novelty and invention." It is unquestionable that this objection may be taken by demurrer, and it is equally clear that the demurrer should be overruled, and the complainant put to answer, if the question of invention or novelty is fairly open to doubt. Oftentimes a showing of the prior state of the art will demonstrate that to be true invention which does not seem to possess this merit on first impression, and when read in the simple terms of the patent, and all light in that direction is shut out if the demurrer is sustained. The argument that the court can take judicial notice of certain facts which are of common understanding does not apply, as it would require, for the purposes of this case, an assumption of knowledge, not only of the methods which had been employed for joining the rails, but of the practical difficulties, under various conditions, which were met, and the measure in which the means theretofore employed had failed, and the alleged invention had succeeded, in overcoming them. It would be an innovation for the

court, upon this issue, at least, to thus bring to bear any information it might possess or obtain aliunde the patent. But it is further urged: This patent states that the invention is "new and useful improvements in angle splices for railway joints," and therefore admits that angle splices are not new for the purpose; that it states, of the prior art, that "these joints have usually been formed by fish plates, the ends of which were arranged at different heights, corresponding with the position of the rails"; and, finally, that it does not claim the angle splice "by itself, broadly, but only when bent in the particular way described." There is great force in these objections, and they certainly raise serious doubt of patentable novelty in the device. Nevertheless, they do not, in my opinion, so far overcome the presumptions in favor of the patent that the complainant should be foreclosed from the showing (which, it was asserted in the argument on his behalf, could be made) of the long-felt want in railroad construction, especially with the adoption of heavier rails for increasing traffic and speed; of attempts and failures to find a remedy, and the extent to which it was supplied by the alleged invention, and of the extensive use which followed,—all being circumstances entitled to consideration in case of doubt, and upon which the doubt may be resolved in favor of the patentee. Topliff v. Topliff, 145 U. S. 156, 164, 12 Sup. Ct. 825. In view of the definition of patentability by the supreme court in respect of inventions of great simplicity,—Loom Co. v. Higgins, 105 U. S. 580; Consolidated Safety-Valve Co. v. Crosby Steam Gauge & Valve Co., 113 U. S. 157, 5 Sup. Ct. 513; Magowan v. Packing Co., 141 U. S. 332, 12 Sup. Ct. 71; Barbed-Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 450; Gandy v. Belting Co., 143 U. S. 587, 12 Sup. Ct. 598; Topliff v. Topliff, 145 U. S. 156, 12 Sup. Ct. 825; Krementz v. S. Cottle Co., 148 U. S. 556, 13 Sup. Ct. 719; and National Cash-Register Co. v. Boston Cash-Indicator & Recorder Co., 156 U. S. 502, 15 Sup. Ct. 434, 1041,—it is my opinion that determination of the validity of this patent should be left to final hearing upon proofs, and that the demurrer should be overruled. It is so ordered.