JACKES–EVANS MFG. CO. v. HEMP & CO.

(Circuit Court of Appeals, Eighth Circuit. July 24, 1905.)

No. 2,201.

1. PATENTS—VALIDITY—ADJUDICATION ON DEMURRER.

While a patent may be adjudged void on demurrer to a bill for its infringement for invalidity manifest on its face, it should not be so adjudged if the court has any doubt on the question, but the patentee should be given the opportunity to adduce evidence in support of the presumption of validity arising from the grant.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 536.]

2. SAME—INVENTION—STOVEPIPES.

The Evans patent, No. 481,856, for a stovepipe having a lock for the engaging edges of each joint, so that they may be disengaged, and the sheets flattened out for transportation, and again put together by the hands without tools, or locked against such disengagement, is not so obviously lacking in invention as to warrant its being declared void on demurrer.

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

John E. Stryker (George H. Knight, on the brief), for appellant. John C. Higdon (Edward E. Longan, on the brief), for appellee.

Before VAN DEVANTER and HOOK, Circuit Judges, and LOCHREN, District Judge.

LOCHREN, District Judge. The complainant (appellant) brought this suit to restrain the infringement by defendant of letters patent No. 481,856, issued to Thomas S. Evans, August 30, 1892, for an improvement in stovepipes, which patent was assigned to complainant August 4, 1904. In his specification the patentee says:

"The object of my invention is to provide an improved lock for the engaging edges of stovepipe joints, whereby, when the ends of the same are compressed, so as to fit within the adjacent joints, the said edges will not become disengaged, but will be more securely fastened together by the pressure exerted thereon."

The claim of the patent is as follows:

"In a stovepipe, the combination, with a blank, of an outturned lip formed on one edge of the same, the opposite edge of the blank being formed with a transverse slot, an inturned lip formed on said edge between the slot and one end of the pipe, and the portion of said edge between the slot and the opposite end of the pipe bulged inward, substantially as and for the purpose shown and described."

A copy of the letters patent is attached to the bill as an exhibit, and the defendant demurred, on the alleged ground that the patent is upon its face void for want of invention. The Circuit Court sustained the demurrer, and, the complainant declining to plead further, a decree was entered dismissing the bill, from which decree this appeal is taken.

Although the presumption from the issuance of a patent is that it involves both novelty and invention, yet the question of its validity may be raised by demurrer. As stated by Judge Taft, in American Fibre Co. v. Buckskin Fibre Co., 72 Fed. 508, 18 C. C. A. 662:

"The rule is now well settled that a defendant to a patent infringement bill may raise the question on demurrer whether the alleged invention as disclosed by the specification of the patent is devoid of patentable novelty or invention. Richards v. Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831, 39 L. Ed. 991; West v. Rae (C. C.) 33 Fed. 45. It is also well settled that, in considering the question of the validity of a patent on its face, the court may take judicial notice of facts of common and general knowledge tending to show that the device or process patented is old or lacking in invention, and that the court may refresh and strengthen its recollection and impression of what facts were of common and general knowledge at the time of the application for the patent, by reference to any printed source of general information which is known to the court to be reliable and to have been published prior to the application for the patent. Brown v. Piper, 91 U. S. 38, 23 L. Ed. 200. The presumption from the issuance of the patent is that it involves both novelty and invention. The effect of dismissing the bill upon demurrer is to deny the complainant the right to adduce evidence to support that presumption. Therefore the court must be able, from the statements on the face of the patent and from the common and general knowledge already referred to, to say that the want of novelty and invention is so palpable that it is impossible that evidence of any kind could show the fact to be otherwise. Hence it must follow that, if the court has any doubt whatever with reference to the novelty or invention of that which is patented, it must overrule the demurrer and give the complainant an opportunity by proof to support and justify the action of the Patent Office. This is the view taken by the Supreme Court, and the most experienced patent judges upon the circuit. New York Belting & Packing Co. v. New Jersey Car-Spring & Rubber Co., 137 U. S. 445, 11 Sup. Ct. 193, 34 L. Ed. 741; Manufacturing Co. v. Adkins (C. C.) 36 Fed. 554; Blessing v. Copper Works (C. C.) 34 Fed. 753; Bottle-Seal Co. v. De La Vergne Bottle & Seal Co. (C. C.) 47 Fed. 59; Industries Co. v. Grace (C. C.) 52 Fed. 124; Goebel v. Supply Co. (C. C.) 55 Fed. 825; Hanlon v. Primrose (C. C.) 56 Fed. 600; Dick v. Well Co. (C. C.) 25 Fed. 105; Kaolatype Co. v. Hoke (C. C.) 30 Fed. 444; Coop v. Development Inst. (C. C.) 47 Fed. 899; Krick v. Jansen (C. C.) 52 Fed. 823; Manufacturing Co. v. Housman (C. C.) 58 Fed. 870; Davock v. Railroad Co. (C. C.) 69 Fed. 468; Henderson v. Tompkins Co. (C. C.) 60 Fed. 758."

The rule as stated by Judge Taft has been approved in many subsequent cases, and is no longer questioned.

Can it be said that it is within common knowledge that the device described by Evans in his specification and claimed in his patent, is old, or was known anterior to his application? Stovepipes formed from blanks of sheet iron having an outturned lip on one side to clasp, when rolled into a cylinder, an inturned lip on the opposite side, and so hold it in the cylindrical form, were old. But pressure on such cylinder would obviously push those lips past each other and unclasp them, to prevent which the clasped joint was either secured by rivets or by such compression as would prevent the lips from slipping apart on pressure. In either case the pipe, after being formed in readiness for use, could not be unclasped and laid in flat sheets for convenience of transportation. The improvement made by Evans, and all that is covered by his patent, is the slot cut transversely near one end of the pipe through its inturned edge, and just past that lip, so that by bending down slightly that edge, from this slot to the nearest end of the pipe, such part of that edge will pass under the edge having the outturned lip, while the larger part of the edges will clasp, and the edge with the outturned lip will enter the slot, and the pipe can be compressed no farther than that slot permits, and the unclasping of the edges so far as in clasp is thus prevented, while the unclasped end may

be compressed to enter the adjoining pipe, and the pipes singly may by twisting with the hands be unclasped for the purpose of packing in sheets, and in the same way without tools clasped again for use.

Stovepipes made of blanks of sheet iron, into the same cylindrical form as at present, and with a seam made by their clasped edges, though in universal use from a time beyond the memory of the oldest, were never, so far as we can learn, before the device of this patent, constructed with such a slot to resist compression of the pipe when formed, while allowing the pipes to be unclasped and laid in sheets for transportation, and these sheets to be rolled and formed again into pipes by the hands, and without tools. We have examined the case of Union Biscuit Company v. Peters, 125 Fed. 601, 60 C. C. A. 337, and such descriptions of paper boxes as have been called to our attention without finding anything which seems to anticipate the device of this patent. The manufacture of stovepipes has employed the skill of numberless artisans for generations without the earlier discovery of the simple locking device by means of this slot and the bending down of a portion of the inturned edge of the blank. Under such circumstances can it be said, confidently and without a doubt, that such device would have occurred to any skilled mechanic engaged in such manufacture, and called for no exercise of the inventive faculty? Unless that can be said, this patent should not have been on demurrer held to be void for lack of invention. Gen. Elec. Co. v. Campbell (C. C.) 137 Fed. 600.

The decree is reversed, with costs, and the cause remanded for further proceedings.