### HILLS v. FEDERAL OPTICAL CO.

(District Court, D. Massachusetts. September 28, 1923.)

No. 1763.

1. Patents ⚙⇒313—Complainant in infringement suit not entitled of right to dismiss without prejudice.

Complainant in an infringement suit is not entitled of right to dismiss without prejudice after the case is ready for hearing and where defendant has large interests involved which equitably entitle it to a decision on the merits.

2. Patents ⚙⇒328—Devine, No. 1,371,413, for spectacles, claims I and 5, held void for lack of invention.

The Devine patent, No. 1,371,413, for spectacles, claims 1 and 5, *held* void on their face for lack of invention.

In Equity. Suit by George E. Hills, trustee, against the Federal Optical Company. On complainant's motion to dismiss without prejudice, and defendant's motion to dismiss on the ground that the patent claims in issue are void for lack of invention. Motion of complainant denied, and motion of defendant granted.

Francis J. V. Dakin, of Boston, Mass., for plaintiff.

Geo. K. Woodworth, of Boston, Mass., and Thomas Howe, of New York City, for defendant.

ANDERSON, Circuit Judge. This patent infringement suit is now before the court on two motions: Plaintiff's motion to dismiss without prejudice; and defendant's motion to dismiss on the ground that claims 1 and 5, the only ones sued upon, are void for lack of invention. The patent is No. 1,371,413, issued to W. P. Devine on March 15, 1921, for spectacles.

[1] 1. The first question is as to whether plaintiff's motion to dismiss without prejudice must, as of right, be allowed. The answer to this question is not free from doubt. The bill was filed on September 19, 1922. After some intervening proceedings, not now material, the defendant, on January 25, 1923, moved to dismiss on the above-stated

⚙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ground of lack of invention. The plaintiff's counsel state, and defendant's counsel concede, that spectacles alleged to involve infringement are being manufactured by the defendant, or by concerns connected in this litigation with the defendant, at the rate of some 30,000 a day; that the suit was brought as a test case, to determine rights of large moment to the defendant and to all spectacle manufacturers.

The plaintiff argued at the hearing of this motion to dismiss on the merits that evidence as to commercial success, etc., would tend to show that what seemed to be a mere mechanical adaptation, in reality involved invention. As the situation then appeared to the court, all evidence, even arguably bearing on the question of invention, would be speedily and inexpensively obtained; so that, on a record complete in every possible aspect, the case would shortly be ripe for determination by this court and in the Circuit Court of Appeals. Under such circumstances, it seemed desirable to deny the defendant's motion to dismiss, not on the merits, but as the shortest and most economical method of a speedy and final determination of the rights of the parties. The motion was therefore, on March 19, 1923, denied without prejudice. But the case was, on the ground now relied upon, then ripe for a decision on the merits. It would have been then dealt with on the merits, but for the understanding that the record was to be completed by evidence and then promptly submitted.

Since that time, the defendant has incurred substantial expense in the preparation of evidence as to prior use, commercial success, etc., and recently served notice upon the plaintiff's counsel for taking depositions. Thereupon, on September 19, 1923, the plaintiff filed his motion to dismiss without prejudice. Two days later, the defendant renewed its motion to dismiss on the merits.

Plainly, the defendant ought to have, if it legally may, a present determination of whether it is operating in an open field, or in a field covered by a valid patent belonging to the plaintiff. In a very real business aspect, it is as much interested in the determination of the validity and scope of the plaintiff's patent as is the plaintiff himself.

The question of doubt and difficulty is, on the decided cases, whether the defendant has, on this record, a right to have the issue determined upon its merits. The somewhat conflicting decisions on this point have been recently cited and to some extent reviewed by Judge Brown in Young v. J. Samuels & Bro. (D. C.) 232 Fed. 784. I concur in his view that the broad right frequently asserted—that a plaintiff may at any time discontinue, on the payment of costs—subjects the defendant to something more than the—

"annoyance of subsequent litigation; it is a deprivation of his right to the fruits of the labor and expense which he has already been to in following the course prescribed by law and by the rules of court. In many cases this involves a very great expenditure of time and money and any rule which ignores this seems unjust to a defendant."

Judge Brown quotes (page 786) the applicable English rule:

" 'When the plaintiff in a patent action discovered after reply, in consequence of objection delivered by defendant, that he could not succeed without correcting his specification, leave to discontinue was refused, except upon the terms that the plaintiff paid all the costs and would not bring any fresh

action in respect of any infringment alleged in the existing action.' Robertson v. Purdey, [1906] 2 Ch. 615."

In the present case, the English rule would require this court to deny the plaintiff's motion to dismiss. Compare Brush v. Condit (C. C.) 20 Fed. 826; American Zylonite Co. v. Celluloid Mfg. Co. (C. C.) 32 Fed. 809; American Steel & Wire Co. v. Mayer (C. C.) 123 Fed. 204. It seems reasonably plain that there is no decision of the Supreme Court requiring this court to grant such a motion, under the circumstances disclosed in this record. If free to deal with the problem on principle, I have no doubt it is the duty of this court to deny the motion to dismiss.

It is obviously grossly unjust to deny this defendant an opportunity to have its rights determined in this litigation. If, as the plaintiff contends, it is an infringer, it and its associates are, in effect, carrying on a large business for the benefit of the plaintiff. The fact that the plaintiff has, as counsel states, become involved in interference proceedings on an application now pending in the Patent Office, constitutes, in my view, no reason why he should dismiss the present action, perhaps to bring a new action, covering exactly the same ground, years later. I conclude, not without doubt, that this court has the right to deny the plaintiff's motion to dismiss, and that if it has that right, it ought plainly, as matter of discretion, to be exercised in favor of the defendant's contention.

[2] 2. Turning now to the defendant's motion to dismiss, on the ground that claims 1 and 5 are void for lack of invention—the claims are as follows:

"1. The combination of a spectacle bow having oppositely disposed projections each provided with a groove formed therein, and two temples each provided with a hinge having a leaf fitting and adapted to be secured in a groove."

"5. The combination of a spectacle bow having oppositely disposed projections each provided with a groove therein, two temples each provided in its butt end with a groove formed therein, and hinge connections between said bow and temples, the leaves of said hinge connections being secured in said grooves."

These claims in suit involve nothing but the familiar device of an inset or countersunk hinge.

A substantial part of the specification and other claims of the patent, involving dovetailed grooves, are not involved in this suit, which is in very narrow compass. No opinion is intimated as to the validity of these other claims.

The contention of plaintiff's learned counsel, that the change in manufacturing practice, set up in the amendment to the bill filed February 19, 1923, after the defendant had filed its motion to dismiss on the merits, would or might show that what seems to be an ordinary mechanical device really involves invention, is not applicable to the present case. This amendment does not allege that manufacturers of spectacle frames adopted the device covered by claims 1 and 5; i. e., without the dovetailed groove. So far as this amendment is concerned, the commercial success relied upon might involve merely the other claims not included in the present suit. But claims 1 and 5, as plainly shown by plaintiff's Exhibit C, annexed to the plaintiff's answers to interroga-

tories (which counsel agree may be referred to as means of illustration) involve nothing but so grooving the material out of which the bows and the temples of the spectacles are made as to prevent the leaves of the hinge from standing out about the surface of the material.

It is matter of common knowledge and observation that a few years ago it became fashionable to make spectacles out of tortoise shell, celluloid, and zylonite, with large, prominent bows and temples. When, for various reasons of utility, or taste, this sort of spectacles came to occupy a large part of the market, manufacturers naturally began to set the hinge so as to make a more finished article. The change of mere *countersinking involved nothing but ordinary mechanical skill.* When a farmer is hanging a gate for his sheep pen, he will ordinarily take a butt or hinge and fasten it with screws or nails to the surface of his gate and post. But if he is hanging a door in a well-built barn or in his house, he will set the butts in, by mortising the wood, so that the surface of the butt will be even with the wood of the door and the post. Just this, and no more, is involved in claims 1 and 5 of this patent.

The case seems to me to fall plainly within the principle laid down by Judge (now Chief Justice) Taft in American Fibre Chamois Co. v. Buckskin Fibre Co., 72 Fed. 508, 18 C. C. A. 662, and in the cases cited in the following quotation:

"The rule is now well settled that a defendant to a patent infringement bill may raise the question on demurrer whether the alleged invention, as disclosed by the specifications of the patent, is devoid of patentable novelty or invention. Richards v. Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831; West v. Rae, 33 Fed. 45. It is also well settled that, in considering the question of the validity of a patent on its face, the court may take judicial notice of facts of common and general knowledge tending to show that the device or process patented is old, or lacking in invention, and that the court may refresh and strengthen its recollection and impression of what facts were of common and general knowledge at the time of the application for the patent by reference to any printed source of general information which is known to the court to be reliable, and to have been published prior to the application for the patent. Brown v. Piper, 91 U. S. 38. The presumption from the issuance of the patent is that it involves both novelty and invention. The effect of dismissing the bill upon demurrer is to deny to the complainant the right to adduce evidence to support that presumption. Therefore the court must be able, from the statements on the face of the patent, and from the common and general knowledge already referred to, to say that the want of novelty and invention is so palpable that it is impossible that evidence of any kind could show the fact to be otherwise. Hence it must follow that, if the court has any doubt whatever with reference to the novelty or invention of that which is patented, it must overrule the demurrer, and give the complainant an opportunity, by proof, to support and justify the action of the patent office. This is the view which has been taken by the Supreme Court, and the most experienced patent judges upon the circuit. New York Belting & Packing Co. v. New Jersey Car Spring & Rubber Co., 137 U. S. 445, 11 Sup. Ct. 193; Manufacturing Co. v. Adkins, 36 Fed. 554; Blessing v. Copper Works, 34 Fed. 753; Bottle Seal Co. v. De La Vergne Bottle & Seal Co., 47 Fed. 59; Industries Co. v. Grace, 52 Fed. 124; Goebel v. Supply Co., 55 Fed. 825; Hanlon v. Primrose, 56 Fed. 600; Dick v. Well Co., 25 Fed. 105; Kaolatype Co. v. Hoke, 30 Fed. 444; Coop v. Development Inst., 47 Fed. 899; Krick v. Jansen, 52 Fed. 823; Manufacturing Co. v. Housman, 58 Fed. 870; Davock v. Railroad Co., 69 Fed. 468; Henderson v. Tompkins, 60 Fed. 758."

In Brown v. Piper, 91 U. S. 37, 44 (23 L. Ed. 200), that court, by Mr. Justice Swayne said:

"We think this patent was void on its face, and that the court might have stopped short at that instrument, and without looking beyond it into the answers and testimony, sua sponte, if the objection were not taken by counsel, well have adjudged in favor of the defendant."

In Slawson v. Grand St. P. P. & F. R. Co., 107 U. S. 649, 2 Sup. Ct. 663, 27 L. Ed. 576, the court, citing with approval the foregoing, quoted from Brown v. Piper, saying:

"If they are void because the device or contrivance described therein is not patentable, it is the duty of the court to dismiss the cause on that ground whether the defense be made or not."

In Richards v. Chase Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831, 39 L. Ed. 991, Mr. Justice Brown said:

"While patent cases are usually disposed of upon bill, answer, and proof, there is no objection, if the patent be manifestly invalid upon its face, to the point being raised on demurrer, and the case being determined upon the issue so formed. We have repeatedly held that a patent may be declared invalid for want of novelty, though no such defense be set up in the answer"— citing Dunbar v. Myers, 94 U. S. 187, 24 L. Ed. 34; Slawson v. Grand Street, P. P. & F. R. Co., 107 U. S. 649, 2 Sup. Ct. 663, 27 L. Ed. 576; Brown v. Piper, 91 U. S. 37, 23 L. Ed. 200.

Compare American S. D. Co. v. Liebel-Binney Const. Co., 243 Fed. 575, 156 C. C. A. 273; Luten v. Allen (C. C. A.) 263 Fed. 986; Mallinson v. Ryan (D. C.) 242 Fed. 951; Luten v. Kansas Dredge Co. (D. C.) 272 Fed. 533.

The result is that the plaintiff's motion to dismiss without prejudice must be denied, and the defendant's motion to dismiss for want of invention must be granted, and the bill dismissed, with costs.