### ELLIS–FOSTER CO. v. ALDUR CORPORATION.

#### No. 6227.

District Court, E. D. New York.

June 9, 1932.

Gifford, Scull & Burgess, of New York City (George F. Scull, of New York City, of counsel), for plaintiff.

O'Neill, Sealy & Sawyer, of New York City (Arthur T. Sawyer, of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

This is a motion made by the plaintiff for an order taking this case off the calendar under Equity Rule 57 (28 USCA § 723) or, in the alternative, that an order be entered dismissing the suit without prejudice and at cost of the plaintiff.

The complaint in this action was filed on April 12, 1932, and the subpoena served on or about April 14, 1932.

The time of the defendant to answer was extended by stipulation to and including May 11, 1932.

Notices of infringement were sent to defendant on February 13, 1932, and again on March 5, 1932, but were delayed in delivery due to being improperly addressed.

There are four patents involved in the suit. The subject-matter thereof are method and compositions involving organic chemistry.

The defendant by answer pleaded invalidity and noninfringement, and set up prior art in this suit consisting of eighteen United States patents, three British patents, one German patent, one Austrian patent, four German publications, one French publication, one Italian publication, one English publication, and one United States publication.

This suit involves complex questions in chemistry, and the reference patents or publications cannot be read and applied at once to the subject-matter of the patent in suit; and this is true even if plaintiff's patentee, Carlton Ellis, did write the book described by defendant's attorney, and said Ellis was the patentee, or plaintiff was the owner of some of said patents.

The answer was filed twenty-one days before the case appeared on the calendar.

The last of the prior art set up in the answer was not received at the office of the plaintiff's atorneys until May 25, 1932, and this term commenced and the case appeared on the calendar for the first time on June 1, 1932, on which day a representative of the plaintiff's attorneys asked to have the case marked off under Equity Rule 57 (28 USCA § 723), but presented no affidavit.

The court was informed at that time that Mr. Scull, who was to try the case, was at Wilmington, Del., engaged in arguing a case, and I marked the case for June 8, 1932.

It now appears that Mr. Scull, due to a death in the family, was absent from his office from before May 25, 1932, until Saturday, June 4, 1932, and that he has an appeal to argue which is on the calendar of the Circuit Court of Appeals, having been called on June 6, 1932, and adjourned from day to day.

No proceedings of any sort have been taken in this case, other than the filing of the complaint and answer and this motion.

I am convinced that Mr. Scull has not had a sufficient opportunity to properly prepare the trial of this case, in view of the prior art pleaded by the defendant.

The defendant does not seek any affirmative relief in this action, but claims that it will be prejudiced by affecting adversely its negotiations for financing its business.

The purpose of the Equity Rules promulgated by the Supreme Court, and of rule 4 of the Equity Rules of this court, is to expedite the trial of equity causes, but it is not the purpose of those rules to prevent a proper defense in an involved cause relating to a chemical patent, and that is what would happen if plaintiff was forced to trial this term.

The claim of the defendant that it will be prejudiced by affecting adversely its negotiations for financing its business loses much of its force, in view of the fact that another action, brought by a different party, against the defendant for infringement, has been marked off the calendar under rule 57, and is still open on the docket.

Defendant's attorney contends that when he asked for an extension of time to answer, on April 28, 1931, he was told that plaintiff demanded an immediate trial, but in spite of that he was given an extension of seven days from May 4, 1932, the day when the answer was originally due.

However that may be, I do not believe the plaintiff should be so heavily penalized as defendant requests.

Of course, the rights of both plaintiff and defendant must be considered.

My best judgment is that a consent to mark this case off under rule 57 would have been best for both parties, but defendant refuses to consent.

Defendant cites the following cases as sustaining its position:

Chicago & Alton Railroad Co. v. Union Rolling Mill Co., 109 U. S. 702, 3 S. Ct. 594, 27 L. Ed. 1081, which is not in point, as dismissal without prejudice was not asked because plaintiff had not been able to prepare, but because in that case the moving party desired to first try out a state court action.

E. Fredericks, Inc., v. Eugene (C. C. A.) 3 F.(2d) 543, is not in point, as in that case the trial was had, two patents being involved, and the plaintiff was allowed to discontinue as to the second patent without prejudice.

This is a very different situation from that in the case at bar, where the plaintiff has not been able to prepare to meet defendant's allegations as to the prior art.

Hills v. Federal Optical Co. (D. C.) 295 F. 213, 214, 215, is not in point, as there had been a lapse of time sufficient to have permitted preparation, and the motion was not based on the same grounds as in this case where there has not been time to prepare.

The same may be said with reference to Churchward International Steel Co. v. Carnegie Steel Co. (D. C.) 286 F. 158, where every opportunity was afforded plaintiff to prepare.

Rule 4 of the Equity Rules of this court reads as follows: "4. If justice requires, the Court, after issue joined, may refuse to permit the plaintiff to discontinue even though the defendant cannot have affirmative relief under the pleadings and though his only prejudice is the vexation and expense of a possible second suit upon the same cause of action."

It is to be noted that under that rule, "If justice requires, the Court * * * may refuse to permit the plaintiff to discontinue. * * * " The duty of the court, therefore, is to determine if justice requires this court to refuse the request of the plaintiff to discontinue.

The prejudice to the defendant, which has been resting for some time with another action for infringement brought by other parties, marked off under rule 57 (28 USCA § 723), would not be anywhere near as great as the prejudice to the plaintiff in being compelled to suffer a dismissal, simply because it has not been able to prepare, due to the shortness of time in reaching trial of an action commenced less than two months ago.

There is no evidence that the action has been brought in bad faith, and plaintiff has not shown a desire to prejudice the defendant by the vexation and expense of another suit, but asked to have the case marked off under rule 57, to give opportunity to prepare. To this the defendant refused to consent, and therefore the only alternative left to the plaintiff was to request leave to discontinue without prejudice on payment of costs.

A speedy termination of litigation is very desirable, but not at the expense of justice.

The motion of the plaintiff to discontinue without prejudice on the payment of costs is granted.