### BURTON v. THE TOWN OF GREENVILLE.

*(Circuit Court, D. New Hampshire.   July 21, 1880.)*

1. PATENT No. 10,497, for a design of a street lamp, *held* void, upon the ground that such design had been in public use for more than two years when such patent was applied for.

In Equity.

*Geo. E. Betton*, for complainant.

*Stearns & Butler*, for defendant.

LOWELL, C. J.   The complainant has taken out and now owns two patents for designs of a street lamp: No. 9,488, September 5, 1876, and No. 10,497, February 19, 1878. The former describes and shows by a drawing a lamp post, with an enlarged base and a smaller shaft, surmounted by a cap. From the cap projects an overhanging curved arm, from the lower and free end of which depends a chain, made fast to the outer corner of a bracket, in which the lamp or lantern is set. This bracket has projections loosely fitting the post, so that the lantern can be moved up and down. The lamp is suspended under the center of the arch or arm. The patentee claims "a design for street and park lamps, composed of the upright post with enlarged base, the arched arm, the chain, the bracket, and a lamp placed below the arch, all substantially as shown and described."

The second patent describes and shows a design which differs from the first in certain particulars. It has two lanterns, one on each side of the post. The bracket which holds the lantern is more complete, having lower edges and sides, so as to form a carriage or cage, rather than a bracket; and this is upheld by a bail or handle, which is attached to the middle

instead of one corner of the carriage, and thus brings the lantern directly under the free end of the arm, instead of under its curved part, or arch. The claim is for the design for a lamp post, consisting of the post, carriage, bails, lamps, chains, and arches, all substantially as shown and described. Between the arches there is an ornament in the form of an acorn, which is mentioned in the specification but not in the claim. The application for this patent was filed January 18, 1878.

It is considered by both parties to the suit that the two lanterns of the drawing are duplicates, and that if the patent is valid it is infringed by the use of a lamp post like the patent 10,497 in all respects, except that it has but one lantern. The posts charged as infringements have but one lantern, but in other respects are almost exactly like the patented design. The plaintiff had obtained a mechanical patent, June 13, 1876, No. 178,508, for an improvement in street lamps, and his drawings represent a lamp post of similar design with No. 9,488, except that it has four lanterns on one post. A question is made by the defendants whether an inventor is not to be presumed to abandon his design when he exhibits it in the drawings of a mechanical patent. I do not see why this consequence should follow until the design has been in use for two years; but I do not decide this point, because the plaintiff's second patent shows a much improved design, and he relied entirely upon that patent in his brief and his argument. I agree with him that the mechanical patent and its duplicate design do not anticipate the more pleasing and finished design of No. 10,497.

The defendants, in their answer, rely on two mechanical patents to John M. Bruce, for lamp posts with chains and weights, the first of which is earlier than the earliest of Burton's, and has a more extensive claim. This patent was applied for November 14, 1874, and issued December 22, 1874; and thereafter Bruce appears to have dealt somewhat extensively in lamp posts having these mechanical contrivances. But his patents do not show posts like the plaintiff's. The first has two posts, between which the lantern is hung; and

the second has brackets to set up the lantern against a wall. As designs, therefore, they cannot be held to anticipate Burton.

The amended answer avers that on the eighth of November, 1875, Bruce caused a design to be drawn and publicly exhibited, which is identical with that of the plaintiff. Bruce testifies that he did, in fact, make and sell lamps substantially like the plaintiff's design, long before the latter obtained his patent. Those complained of as infringements were set up in the defendant town 20 months before the plaintiff's application for patent 10,497 was made. They resemble so closely the model C, which the plaintiff produces as representing his patented design, that it is almost impossible to believe that one was not copied from the other. But Bruce had no opportunity to copy anything from the plaintiff, because the plaintiff made nothing, unless it were a model, to which Bruce had no access, until October, 1876; while these lamps were put up in May, 1876, within two miles and a half of the plaintiff's house. In August, 1876, the plaintiff applied for, and in September obtained, his patent, No. 9,488, for a much inferior design. Yet he now thinks that he invented the better form about September, 1875.

Bruce exhibited publicly to a committee and certain inhabitants of the town of Peterborough, New Hampshire, November 8, 1875, a drawing of a lamp post, which he was ready to sell them, and which is like the patented and the infringing design. He testifies that he had made others like it, excepting the ornament on the top, which forms no part of the plaintiff's claim, as early as November, 1874.

I am much inclined to believe, upon the evidence, that Bruce invented this design, and that Burton, when he took out his patent, No. 10,497, knowing this, intended to claim only the post with two lanterns.

However this may be, I am of opinion that Bruce had put this design into public use, and had offered it for sale as early as November 8, 1875, which was more than two years before the plaintiff's application, and therefore avoids his patent.

Bill dismissed, with costs.