## CAMPBELL v. MAYOR, ETC., OF NEW YORK.

(*Circuit Court, S. D. New York,* September 21, 1888.)

PATENTS FOR INVENTIONS—ACTIONS FOR INFRINGEMENT—REHEARING—NEWLY-DISCOVERED EVIDENCE.

Act 1839, § 7, declares that no patent shall be invalid by reason of prior sale or use, except on proof that the sale or use had been for more than two years prior to the application. In a suit for the infringement of letters patent No. 42,920, dated May 24, 1864, to James Knibbs, for an improvement in steam fire-engine pumps, on application filed May 13, 1864, plaintiff, instead of disproving prior sale and use, directed his efforts towards disproving consent and allowance to the same, on the supposition then generally shared by the bench and bar, and recognized in the answer, that consent and allowance were necessary to defeat the patent, and the case was determined accordingly. A sale of an engine containing the invention, which was forwarded April 28,

1862, was found, and on rehearing, after the decisions of *Andrews* v. *Hovey*, 123 U. S. 267, 124 U. S. 694, 8 Sup. Ct. Rep. 101, 676. was held to invalidate the patent. On motion before final decree for leave to take proofs that the engine was built on an order, and was not accepted until after May 13, 1862, *held* that, as it is not settled that prior construction without sale will avoid the patent, and as the case had been made to turn on an issue to which plaintiff had addressed no evidence, and as the decision of the motion was not reviewable, the evidence should be admitted.

In Equity. Motion for leave to take further proofs. Other opinions in this case will be found in 9 Fed. Rep. 500; 33 Fed. Rep. 795; 35 Fed. Rep. 14, 504.

*Marcus P. Norton, Horace G. Wood,* and *George Bliss,* for plaintiff.
*Frederic H. Betts,* for defendant.

WHEELER, J. The bill in this case sets up as valid letters patent No. 42,920, dated May 24, 1864, and granted to James Knibbs for an improvement in steam fire-engine pumps. The answer, among other things, alleges that the patent was void, "because that the said alleged invention, with the knowledge, acquiescence, and consent of said inventor and patentees, had been in public use and on sale in this country for more than two years before the said alleged inventor's or patentee's application for their patent therefor." On traverse of the answer proofs were taken. The record shows clearly that the plaintiff's counsel understood that consent and allowance of the inventor to sale or use of the invention more than two years before the application for a patent were necessary to defeat it; and that they accordingly directed their efforts to disproving consent and allowance to such sales and use as appeared, and not to meeting the evidence of sale and use otherwise. On final hearing sale and use were found, but without consent and allowance. These were held to be essential and controlling. The other issues were found for the plaintiff, and the patent was sustained. *Campbell* v. *Mayor, etc.,* 20 Blatchf. 67, 9 Fed. Rep. 500. After the decisions in *Andrews* v. *Hovey,* 123 U. S. 267, 8 Sup. Ct. Rep. 101; 124 U. S. 694, 8 Sup. Ct. Rep. 676, settling that consent and allowance are immaterial, and that mere sale or use, not fraudulent or surreptitious, is sufficient, the defendant moved for leave to amend the answer, if necessary, to raise the question of sale and use alone, and for a rehearing. The amendment was held to be unnecessary to form an issue as to mere sale and use. A rehearing was had, and the case was re-examined. The application for the patent was filed in the patent-office May 13, 1864. A sale of a steam fire-engine containing this invention, called the "Governor Hill," by the Amoskeag Manufacturing Company, to the city of Concord, N. H., sent on the 28th day of April, 1862, was found; and this sale was held, in view of the decisions in *Andrews* v. *Hovey,* to be sufficient to defeat the patent. *Campbell* v. *City of New York,* 35 Fed. Rep. 504. The plaintiff now, before final decree signed, moves for leave to take proofs to show that the Governor Hill was built on an order from the city of Concord, and, although forwarded before, was not accepted till after May 13, 1862; that this engine did not in fact contain this invention; and that putting the invention into any

steam fire-engine by the Amoskeag Manufacturing Company, except into the Jason C. Osgood at the request of the inventor as an experiment, was surreptitious and fraudulent with reference to his right to a patent. This motion is resisted upon the alleged grounds that the evidence is not newly-discovered, or might have been discovered by due diligence; that it is cumulative; that it would not in fact show anything fraudulent or surreptitious in the respect claimed; that it would not change the result as to putting the invention into the Governor Hill; that the effect of the sale upon the patent would not be changed; and that the construction of the Governor Hill, which was unquestionably before May 13, 1862, would, without reference to the sale, invalidate the patent, if it contained the invention. All these grounds have been considered in connection with those urged in favor of the motion. These questions of law arise upon section 7 of the act of 1839, (5 St. 354.) That section provided that a constructor or purchaser of a newly-invented machine, manufacture, or composition of matter should have the right to use and vend for use the specific thing without liability, but said nothing further about the effect of the construction. It declared that no patent should be held invalid by reason of the purchase, sale, or use prior to the application for a patent except on proof of abandonment, or that the purchase, sale, or prior use had been for more than two years prior to the application. Here is no declaration at all against the validity of the patent other than what is implied from the exception, and the construction of the patented article is left out of that. The latest reported saying of the supreme court upon the subject appears to be that at the close of the opinion in *Andrews v. Hovey*, 124 U. S. 719, 8 Sup. Ct. Rep. 686, where Mr. Justice BLATCHFORD said:

"The second clause of the seventh section seems to us to clearly intend that, where the purchase, sale, or prior use referred to in it has been for more than two years prior to the application, the patent shall be held to be invalid, without regard to the consent or allowance of the inventor."

Here is no reference to the construction, but only to purchase, sale, or use; and no reference to the first clause of the seventh section, which alone relates to the construction. The statement by the same learned justice in the opinion in the same case in 123 U. S. 274, 8 Sup. Ct. Rep. 105, that "the plain declaration of the second part of the section is that, where the purchase or construction of the machine or article took place more than two years prior to the application for the patent, or where the use or sale by the person who so purchased or constructed the machine or article took place at a time more than two years prior to the application, the patent becomes invalid," has been observed. But when that the second clause does not include construction in its declaration; and that use by the constructor more than two years prior to the application is referred to as one of the things that would defeat the patent, which would be defeated besides by the necessarily prior construction if that would have such effect, are noticed, the intention to hold and declare that construction alone of the patented article, without sale or use two years prior to the application, would defeat the patent, does not

clearly appear. At most that intention does not so clearly appear as to make the exercise of discretion not understood to be reviewable, in a matter so important as that here involved is, to properly depend upon it. This ground does not, in view of the terms of the statute, and what has been decided upon them, seem to be sufficient to control the decision of this motion. The conclusion that the bill should be dismissed was reached because of the sale merely of the Governor Hill. The argument of the defendant in respect to this is that, if what took place was what the evidence sought to be introduced would tend to show, the patent would be none the less defeated by it. The statute uses the word "sale" simply, and refers to the sale as a completed transaction, required to have been fully accomplished at least two years prior to the application, in order to defeat the patent. An order for the construction of the engine, accepted, would not make a sale of it. If the terms of the order were such that the construction, as it progressed, was for the city, and the maker merely furnished the labor, and materials which became the property of the city when used, the city itself would construct the engine, and there would be no purchase of it by, or sale of it to, the city, and nothing, in the view now taken of the effect of construction, to affect the right of the inventor to a patent until there was use of the engine by the city. And if the terms were such that the engine remained all the while the property of the maker as it was being built, a passing of the title afterwards would be necessary to make a sale to the city. This would not be done by merely forwarding the engine. It would be the property of the maker when forwarded, and delivery to and acceptance by the city would be necessary to make it the property of the city. A refusal to accept it might make the city liable for damages, but that would not affect the right to the patent. The statute did not provide that it should. The evidence would tend to show that there was no sale completed of the Governor Hill prior to May 13, 1862.

The suggestion that the evidence is cumulative does not seem to be well founded. There has been in reality no evidence on the part of the plaintiff tending to prove the facts now sought to be established; but that it is either not newly-discovered, or was not so situated but that due diligence would probably have discovered it, is clear. If the right to have the case opened depended upon that, the propriety of a denial of the motion would be plain. But the issue to which the evidence is material is, on the part of the plaintiff, newly-discovered. The decision in *Andrews* v. *Hovey* has discovered it to those who took the testimony in his behalf, as well as to others. The law is not altered by that decision, but is declared to be different from what it was understood to be by them. The form of the answer appears to have aided that understanding. The case has been made to turn upon an issue of fact, to which the plaintiff has addressed no evidence. As the case now stands, the finding could not well be otherwise; but it is reached with a sense of insecurity that makes it quite unsatisfactory. The plaintiff and his counsel were in duty bound to know the law, and are liable to the consequences of misunderstanding it, and are not entitled to relief from the consequences while the misun-

derstanding was due to their own fault. That it was shared by others, and by courts as well as by counsel, is shown fully by the briefs of counsel and opinion of the court in *Andrews* v. *Hovey*, 124 U. S. 694, 8 Sup. Ct. Rep. 676. That it was shared to some extent by the counsel for the defendant, is shown by the form of the answer; although the present counsel for the defendant, at the first hearing in chief, strenuously contended that the law was as it was afterwards declared to be in that case. In view of all this, the rules of law do not seem to require that the plaintiff shall be tied down to the consequences of the misunderstanding; and the principles of justice would appear to be furthered by relieving him from them. As this is a matter of discretion not reviewable, the exercise of it in a manner that will admit the evidence where due weight can be given to it, seems safer than the exclusion of the evidence from any consideration would be. The plaintiff has leave hereupon to take and file testimony as to the engine the Governor Hill, and as to fraudulent and surreptitious use of the invention by the Amoskeag Manufacturing Company, within 60 days. The defendant has leave to take and file testimony to meet this, and as to any use of the invention prior to May 13, 1862, by the Amoskeag Manufacturing Company, within 60 days after. And the plaintiff has further leave to take and file testimony in rebuttal within 40 days after that.