Thayer, District Judge,
(orally.) In view of the testimony the court is of the opinion that the invention covered by letters patent No. 269,-242 was in public use and on sale for more than two years prior to the date of the application for the patent, and that the patent is for that reason void. Smith Co. v. Sprague, 123 U. S. 249, 8 Sup. Ct. Rep. 122; Egbert v. Lippmann, 104 U. S. 333; Mannings. Glue Co., 108 U. S. 462, 2 Sup. Ct. Rep. 860; Andrews v. Hovey, 123 U. S. 267, 8 Sup. Ct. Rep. 101. It hardly admits of a doubt that complainant made and sold wire bed bottoms which embodied all of the material features or elements of the *150 invention for a period of more than two years prior to October 14, 1882, and that it did so not as an experiment, but for the purpose of realizing a profit.
The closing of the head of the spiral springs by passing the top wire around the second before extending it to form a hook cannot be regarded, under the specifications, as a material feature of the invention. That is merely a preferable mode of construction. The patentee' would be entitled to claim (and no doubt would claim if there was 'occasion to do so) that the use of a spring with an open head was an infringement of his patent as well as the use of a spring with a closed head. Bed bottoms embracing all of the material elements of the invention having been in public use and on sale for more than two years prior to the application, the patent is void, and the bill must be dismissed.