CHANDLER ADJUSTABLE CHAIR & DESK CO. v. HEYWOOD BROS. & WAKEFIELD CO.

(Circuit Court, D. Massachusetts. December 5, 1898.)

No. 1,032.

1. DESIGN PATENTS—CONSTRUCTION OF STATUTE—ARTICLE HAVING MOVABLE PARTS.
Rev. St. § 4929, cannot be so narrowly construed and limited as not to apply to a design for an article of manufacture, nor authorize a patent therefor, merely because such article has movable parts.

2. SAME—DESIGN FOR FURNITURE SUPPORT.
The Hill design patent, No. 27,272, for a design for a furniture support, *held* valid on demurrer.

This was a suit in equity by the Chandler Adjustable Chair & Desk Company against the Heywood Bros. & Wakefield Company for infringement of a patent.

Edward S. Beach and Richard P. Elliott, for complainant.
Frederick L. Emery, for defendant.

BROWN, District Judge. An inspection of the drawings and specification of design patent No. 27,272, dated June 29, 1897, to Frederick W. Hill, assignor to the complainant, for a design for a furniture support, satisfies me that it claims and defines one design only. Though the furniture support shown and described consists of two members, these members are related and dependent; and, though the configuration of each of these members is separately described, it is apparent that the parts must be assembled in order to display the design, shape, or configuration of the article of manufacture.

The broad proposition advanced by the defendant, that section 4929 of the Revised Statutes was not intended to apply to structures having movable parts, is not supported by the citation of any judicial decision; and, though certain rulings of the patent office (Ex parte Tallman, 82 O. G. 337; Ex parte Adams, 84 O. G. 311; Ex parte Smith, 81 O. G. 969; Ex parte Brower [1873] C. D. 151) are presented to support this proposition, I am of the opinion that such a construction of the statute calls for an unwarranted and unreasonable limitation of the terms "manufacture" and "any article of manufacture," and leads to absurd and unjust results. For example, such a construction would

defeat claims like those in Burton v. Town of Greenville, 3 Fed. 642, and Britton v. Manufacturing Co., 61 Fed. 94.

To the objection of the defendant that the parts have no necessary, single, infallible, and fixed relation to each other, it is sufficient to say that the complainant describes and shows in his drawing a single and definite arrangement of parts. Therefore, even upon the narrowest construction of his patent, he is prima facie entitled to the design, configuration, or shape resulting from that special arrangement of parts exhibited in the drawing.

Demurrer overruled, with costs; defendant to answer within 20 days.