BRADLEY v. ECCLES.

(Circuit Court of Appeals, Second Circuit. February 8, 1906.)

No. 168.

PATENTS—PRIOR PUBLIC USE—THILL COUPLING.
The Hannan reissued patent, No. 11,260 (original No. 456,117), for a thill coupling, *held* void for prior public use for more than two years before the filing of the application of the original patent.

Appeal from the Circuit Court of the United States for the Northern District of New York.

For opinion below, see 138 Fed. 911.

H. P. Denison, for appellant.
W. A. Megrath, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. A careful analysis of the proofs has brought us to the same conclusion reached by the judge who heard the cause in the court below, which is that the defense of the prior public use of the invention described and claimed in complainant's patent (reissue No. 11,260, granted August 16, 1892) for more than two years prior to November 17, 1890, the date of the filing of the application for the original patent, was satisfactorily established. The evidence is cogent that prior to April 15, 1888, the patentee had perfected the invention, which was an improvement upon the invention of his earlier patent, and sent specimens of his coupling for use to customers who had been familiar with the coupling of the earlier patent; that in the spring or early summer of that year he advertised the new coupling for sale, his advertisements being accompanied with recommendations from some of his customers; and that in September of that year he had it upon exhibition at the Onondaga county fair at Syracuse. No useful purpose would be served by a detailed discussion of the evidence. The prior public use of the invention in the spring of 1888

by Ghee, and by Dr. Haviland, is clearly established. Some of the other asserted instances of prior use are not supported by evidence which satisfies the rule requiring such a defense to be proved beyond fair doubt. Nevertheless, the probative force of the evidence of these instances is strengthened by the independent facts which have been adverted to.

Much stress is placed by the complainant upon the manufacturing agreement between the patentee and Marsh, made in August, 1889, as indicating that the coupling of the later patent could not have been in existence at that date. This argument would have much weight, were it not that the agreement contemplated, as evinced by clause 5, that both parties to it should have joint interest in all patents relating to their partnership business, and should contribute jointly to the expenses in procuring such patents.

The complainant being apparently an innocent purchaser of the patent, we reach the conclusion that it is invalid, with regret.

The decree is affirmed, with costs.