McCREERY ENGINEERING CO. v. MASSACHUSETTS FAN CO. et al.

(Circuit Court, D. Massachusetts. February 3, 1911.)

No. 667.

1. PATENTS (§ 76*)—PATENTABILITY—INVENTION "ON SALE" FOR MORE THAN TWO YEARS.

A patentee of a ventilating apparatus, some three years before he applied for the patent, contracted to build and install in a church an apparatus according to plans and specifications shown and in substantial conformity with that of the patent, and to have the structure completed by a date more than two years prior to the filing of the application. *Held*, that the apparatus was "on sale," within the meaning of Rev. St. § 4886 (U. S. Comp. St. 1901, p. 3382), at least by the date when it was agreed to be completed, although it was not in fact completed by that time, and that it rendered the patent void.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 98; Dec. Dig. § 76.*]

2. PATENTS (§ 328*)—VALIDITY—VENTILATING APPARATUS.

The Taylor patent, No. 917,185, for apparatus for tempering and purifying air, is void, because the invention was on sale more than two years prior to the filing of the application.

In Equity. Suit by the McCreery Engineering Company against the Massachusetts Fan Company and others. Decree for defendants.

See, also, 180 Fed. 115.

Samuel D. Elmore, for complainant.

Stewart, Coolidge & Rand and Roberts, Roberts & Cushman, for defendants.

LOWELL, Circuit Judge. This is a bill in equity to restrain the infringement of letters patent No. 917,185, issued April 6, 1909, to Taylor, for improvements in apparatus for tempering and purifying air. The original bill was brought against several parties, but all the defendants have now been eliminated except the Fan Company. This defendant has pleaded in substance that, during the pendency of his application, Taylor represented to the Commissioner of Patents that the subject-matter of his application, shown in his specification and drawings, had been "in public use and on sale and had been sold in the United States of America more than two years before (Taylor's) application was filed" in the Patent Office, March 5, 1908; that the patent was therefore void, because of the Commissioner's error in granting the patent. There was no public use of the invention, and the question before the court comes to this: Was the invention on sale before March 5, 1906? Rev. St. § 4886, reads as follows:

"Any person who has invented or discovered any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvement thereof, not known or used by others in this country, and not patented or described in any printed publication in this or any foreign country, before his invention or discovery thereof, and not in public use or on sale for more than two years prior to his application, unless the same is proved to have been abandoned, may. upon payment of the fees required by law, and other due proceedings had, obtain a patent therefor."

It will be observed that the phrase of the statute is "on sale for more than two years prior to his application." Were the question a new one, it might be argued that, in order to defeat the patent, the law requires a substantially continuous sale of the invention throughout the two years; but the cases dealing with the matter have assumed that the patent is void if the invention was ever on sale more than two years before the application was filed.

[1] The defense is here rested by the plea on the evidence contained in the file wrapper, which is annexed thereto. This shows that Taylor's application was originally rejected by the Patent Office because of a prior disclosure of the invention in certain patents which did not lay claim to it. There was disclosure, but no interference. The file wrapper goes on to show that Taylor, in order to meet the effect of the admitted disclosure, and to overcome the action of the Patent Office, filed there, under rule 75, two affidavits for the purpose of carrying back his invention beyond the date of the disclosure.

These affidavits set out in substance that, on March 16, 1905, Taylor was engineer in charge of the manufacture and installation of plants made by the complainant; that on or about February 27, 1905, the complainant entered into a contract with the Second Church of Christ, Scientist, in Kansas City, Mo., to furnish it with a structure made in substantial accordance with Taylor's application; that this contract provided for the completion of the work on February 27, 1906, but that the work was not completed at that time, but later, and just before July 3, 1906, when there was a settlement of a contract, and the apparatus was paid for. The price of the apparatus, as shown by letters included in the file wrapper, was $1,875, which sum included a commission to the builders or architects of 10 per cent. The apparatus was built in the church, and was not manufactured outside of it and delivered to it as a completed article. As stated by the complainant in its brief, at page 2:

"It appears that an executory contract was entered into for the installation of an apparatus, the terms of the contract calling for its completion more than two years prior to the filing of the application. The affidavits further show, however, that the contract was not complied with in this respect, and that the apparatus was not completed and delivered more than two years prior to the application."

The question before the court is this: Under the circumstances stated, was the invention on sale before March 5, 1906?

In interpreting Rev. St. § 4886, several things are to be noted. First. The defense is not altogether that of the abandonment of the invention by the inventor. The patent fails if the invention is on sale by any person, with or without the patentee's knowledge, consent, or approval. Andrews v. Hovey, 123 U. S. 267, 8 Sup. Ct. 101, 31 L.

Ed. 160. The law was otherwise under the statute of 1836. 5 Stat. 117. Second. The invention may be "on sale," although there is no sale. Plimpton v. Winslow (C. C.) 14 Fed. 919. "If the price list was published in May, it would be immaterial that no skates were sold before the 19th of August, because they were 'on sale.'" The law was otherwise under the statute of 1839. 5 Stat. 353. Third. A single unrestricted sale is sufficient. Delemater v. Heath, 58 Fed. 414, 7 C. C. A. 279. Fourth. The mere manufacture of the invention does not defeat the patent, nor does the physical nonexistence of the article on sale save the patent from the operation of the statute. Burton v. Greenville (C. C.) 3 Fed. 642; Dittgen v. Racine Company (C. C.) 181 Fed. 394.

Under Plimpton v. Winslow (which I follow, as it has not been overruled), the apparatus here in question was "on sale." The contract to furnish and install the invention was made some three years before the application. By its terms, the apparatus was to be completed, installed, and paid for more than two years before the application. Within the third year before the application the device was largely put up under the contract in the vendee's building. From the photograph shown, and other testimony, it appears altogether probable that the part of the apparatus which embodied the invention was finished more than two years before the application. Apparently all that was left was some detail of the job, postponed, it may be, by the vendor's delay, or by the incompleteness of the vendee's building. To show that the manufacture and installation had proceeded thus far was the object of the affidavits introduced by the patentee. What difference is there, material to this case, between a sale by sample, as in the Plimpton Case, and a sale based on drawings and specifications, as was the sale here made by this complainant? In the former case the title did not pass; in the latter it may have done so, at least at the vendee's option—an option he might wish to exercise. The only difference is that which arises from the different nature of the goods sold. Ventilating apparatus is not sold by the dozen from a sample, which is the natural method of selling wagon jacks. A manufacturer, who at a given date agrees in the course of business to make, sell, and deliver at a later date, according to drawings then in existence, apparatus afterwards patented, appears to me to have that apparatus on sale at the later date, if not at the earlier. Campbell v. Mayor of New York (C. C.) 36 Fed. 260, a case much relied on by the complainant, was concerned with the statute of 1839, in which the phrase "on sale" did not occur.

[2] The complainant urges that the manufacture and sale should be looked upon as merely experimental, and so not within the scope of the statute; but there is nothing in the record to show that the apparatus in question was the first constructed by the complainant, or that the complainant's contract with the church contemplated anything experimental. For aught that appears in the record, the apparatus may have been constructed many times for others before the contract with the church was entered into. The burden of proving that the use was experimental rested upon the patentee. Swain v. Holyoke Machine Company, 109 Fed. 154, 48 C. C. A. 265.

The complainant also relied much upon the weight to be attached to the decision of the question here involved by the Patent Office, and it referred to the case of Morgan v. Daniels, 153 U. S. 120, 14 Sup. Ct. 772, 38 L. Ed. 657; but in that case there had been in the Patent Office a contest over issues of fact between the same parties as those before the court. Here there was no contest in the Patent Office, and the decision of the Patent Office here controverted was not upon a matter of fact, but upon a matter of law.

Bill dismissed, with costs.