McCREERY ENGINEERING CO. v. MASSACHUSETTS FAN CO. et al.

(District Court, D. Massachusetts. November 22, 1913.)

No. 410.

PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—PLEADING.

The overruling of a plea, filed by the defendants in an infringement suit, alleging that the subject-matter of the patent appeared from the file wrapper and contents themselves to have been in public use and on sale more than two years before the application was filed, *held* not to preclude them from raising the issue of such prior use as one of fact by their answer.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

In Equity. Suit by the McCreery Engineering Company against the Massachusetts Fan Company and others. On motion by complainant to strike out certain depositions. Denied.

See, also, 186 Fed. 846; 195 Fed. 498, 115 C. C. A. 408.

Samuel D. Elmore, of Boston, Mass., and Chappell & Earl, of Kalamazoo, Mich., for complainant.

Roberts, Roberts & Cushman, of Boston, Mass., for defendants.

DODGE, Circuit Judge. This motion is based on the same grounds as was a motion denied March 10, 1913, to strike out a part of the answer.

What has been submitted to me by the complainant since the hearing on the present motion has little bearing upon the point regarding which I requested counsel to submit authorities; i. e., whether or not the evidence presented by these depositions would have been admissible upon the defendants' second plea, filed in this court August 30, 1910, before the appeal since determined according to the mandate under which the case is now here.

It has not been made sufficiently clear to me that the defendants are concluded by their plea referred to, and the decision regarding it, from raising the defense in support of which these depositions are taken, to warrant striking from the files either that part of the answer in which it is set up or the present depositions taken thereunder.

An examination of the plea referred to shows that it went no further than to allege that the subject-matter of the patent appeared from the file wrapper and contents themselves to have been in public use and on sale more than two years before the application, and that a manifest error of law, on the part of the Commissioner of Patents, in granting and issuing the patent, was thus clearly apparent therefrom. This seems to be fully recognized in Judge Lowell's opinion dismissing the bill. 186 Fed. 846. If not so clearly recognized in the opinion of the Circuit Court of Appeals (195 Fed. 498, 115 C. C. A. 408), the record itself leaves no doubt as to the fact.

I am unable to rule that anything more has been settled in the case than that the patent did not issue upon a manifest error in law. If not, the defendants have not yet had their day in court upon the de-

fense they now raise; i. e., that the patent, though rightly issued upon what the Patent Office had before it, is nevertheless invalid because, as matter of fact, the invention had been in public use or on sale for more than two years before the application date. This defense is apparently one which must be made by answer, and cannot be made by plea. The plaintiff contends that there was an understanding between the parties that the decision on the plea should dispose of the whole question of prior public use or sale, irrespective of the manner wherein it might be raised. A letter from the defendants' counsel, dated July 13, 1910, is claimed to show such an understanding. Taken in connection with the plea itself, to which it refers, I am not satisfied that the letter is fairly open to the construction which the plaintiff puts upon it. But, whether it is or not, it forms no basis for any conclusion or ruling by the court; no stipulation between the parties relating to the matter having been signed or filed.

I must allow the depositions to stand, subject to the plaintiff's objections, and the motion to strike them from the record is denied.