## DAVID E. KENNEDY, Inc., v. UNITED CORK COS.

(Circuit Court of Appeals, Second Circuit. June 8, 1915.)

No. 286.

PATENTS ☞328—VALIDITY—PRIOR USE—TILE FLOORING.

> The Kennedy patent, No. 1,054,424, for a tile flooring, *held* void for prior public use, upon evidence showing that the flooring was made by the patentee, sold for profit, and used in various cities, in both private and public buildings, more than two years prior to application for the patent.

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from the final decree of the District Court of the United States for the Southern District of New York dismissing the bill in an infringement suit founded upon letters patent No. 1,054,424 granted February 25, 1913, to David E. Kennedy for a tile flooring.

Hillary C. Messimer, of New York City, for appellant.

Stephen J. Cox, of New York City, for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. The patent contains two claims both of which are involved but, in the view we take of the defense of prior public use, the alleged invention is sufficiently described in the first claim which is as follows:

> "1. A permanent flooring comprising a plurality of non-homogeneous superimposed layers forming an integral structure comprising a hard non-pierceable base, a yielding non-metallic wear or tread layer comprising a plurality of independent units or tiles and an interposed layer between the base and tread layers, said intermediate layer being relatively softer than the base layer and adapted to be pierced by metallic securing means when in a dry condition."

One of the defenses is that the tile flooring of the patent was used generally by complainant's customers more than two years prior to his application, on December 16, 1911. The complainant insists that this use was experimental within the case of Elizabeth v. Pavement Co., 97 U. S. 126, 24 L. Ed. 1000. Nicholson, the inventor,

constructed, at his own expense, a pavement about 75 feet in length which was laid in front of the toll house on a road belonging to the Boston & Roxbury Mill corporation, of which he was a stockholder and treasurer. This was done in order that he might ascertain its durability, liability to decay and the effect which heavy loaded wagons would have upon it. Nicholson was there almost daily, walking over the pavement, making minute and careful examination of its condition and asking questions regarding it. He chose this particular locality because the road was a great thoroughfare out of Boston, traveled by heavy teams and presenting a severe test of the wearing quality of the pavement. If it succeeded there, its general success was assured. The court held that this was not a public use, but a proper and necessary experiment undertaken by Nicholson at his own expense and not to be sold. But the court took particular pains to say, in order that the decision might not be misunderstood, that:

"So long as he does not voluntarily allow others to make it and use it, and so long as it is not on sale for general use, he keeps the invention under his own control, and does not lose his title to a patent."

The converse of this proposition is also clearly stated by the court as follows:

"But if the inventor allows his machine to be used by other persons generally, either with or without compensation, or if it is, with his consent, put on sale for such use, then it will be in public use and on public sale, within the meaning of the law."

Nicholson's use was held experimental because he did not sell or lease the section actually laid. He kept full control over it and during all the time necessary to test its wearing ·qualities which was, of course, a number of years, he was constantly watching it to see what, if any, changes were necessary. There can be no question, we think, that if Nicholson had sold his pavement to a large number of cities, received pay therefor and lost all control of the pavements, the court would have reached the conclusion that he had renounced all right to a patent. See also Smith & Griggs Mfg. Co. v. Sprague, 123 U. S. 249, 266, 8 Sup. Ct. 122, 31 L. Ed. 141; Andrews v. Hovey, 123 U. S. 267, 8 Sup. Ct. 101, 31 L. Ed. 160; Eastman v. Mayor, etc., 134 Fed. 844, 69 C. C. A. 628.

Applying the doctrine of these authorities to the facts in the present case, we have no doubt that the patented flooring was sold for profit and publicly used in various cities from New York to California for more than two years prior to December 16, 1911, the date of Kennedy's application. These prior uses were in private residences, clubs, universities, banks, public libraries, and department stores and were bought and paid for. Those in the large stores, public libraries and banks were certainly in public use and disclose all the features of the claims. None of the features of the pavement case is present. If Nicholson had sold his pavement to the city of Boston and received his pay he would have lost all dominion and control over it just as this complainant did when he sold his flooring to any one who was willing to pay for it.

We think the decree of the District Court should be affirmed with costs.