LE ROY et al. v. NICHOLAS POWER CO.

(District Court, S. D. New York. July 20, 1917.)

No. 121.

1. PATENTS ⬮328—INVENTION—KINETOSCOPE.

The Le Roy patent, No. 1,075,215, for a kinetoscope, relating especially to the fire shutter, *held* void for prior public use of the shutter by others, and more than two years before the application, and also for lack of invention in view of the prior art.

2. PATENTS ⬮75—VALIDITY—PRIOR "PUBLIC USE."

The use of a device on a machine in a public place with the consent of the inventor is a "public use," although no charge was made by the inventor therefor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Use.]

In Equity. Suit by Jean A. Le Roy and Chester R. Baird against the Nicholas Power Company. On final hearing. Decree for defendant.

Hillary C. Messimer, of New York City, for plaintiffs.

Marshal Stearns, of New York City (Selden Bacon, of New York City, of counsel), for defendant.

MANTON, District Judge. [1] Plaintiff sues for infringement of patent No. 1,075,215 granted October 7, 1913, to Jean A. Le Roy for a kinetoscope on an application, the original of which was filed March 12, 1908. The defense is prior use, and that the claims are so limited by the prior art and the application proceedings as not to be infringed by the defendant's structure. The plaintiffs rely on the following claims:

"(1) In a motion picture projecting machine having a light aperture; a shutter movably mounted in front of the aperture; a rotatable shaft; centrifugal members carried by said shaft; a shell adapted to oscillate upon said shaft and mounted about said centrifugal members to be engaged thereby; and engaging means connected to said shell and disconnected from said shutter but adapted to engage the same."

"(4) In a motion picture projecting machine having a light aperture; a shutter movably mounted in front of the aperture; a rotatable shaft; frictional engaging means carried by said shaft; a shell adapted to oscillate upon said shaft and mounted about said frictional means to be engaged thereby; an arm extending laterally from said shutter; and an arm depending from said shell adapted to engage the said laterally extending arm only when the shell is oscillated in a predetermined direction."

It is claimed that Le Roy's application showed nothing of invention, mere substitution of mechanical equivalents in well-known mechanisms. His claim of invention must necessarily be very much restricted by the prior art disclosed by the patents and the applications in evidence, and particularly by the applications which were cited by the Patent Office against Le Roy's application and not contested by him. The defendant's device is known as type "B" shutter, and it is this that plaintiffs claim infringe their patent.

The defendant's claim is that the patent as actually used, was designed in 1905 and actually made in December, 1905, and partly in January, 1906; that it was used in a moving picture machine during the week of February 19, 1906, the week of February 23, 1906, and March 4, 1906, giving exhibitions in Brooklyn, and March 11, 1906, in Newark, N. J. The evidence supports this claim. This was all two years prior to filing Le Roy's application, and the defendant invokes the statutory bar (section 4886, Revised Statutes, as amended by the act of March 3, 1897, c. 391, § 1, 29 Stat. 692 [U. S. Compiled Statutes 1916, § 9430]) as a defense irrespective of any prior work or invention of Le Roy's. Smith was a disinterested witness. His diary. kept, corroborated this testimony. The places where the machine was used and exhibited were given in detail and were public places.

I am satisfied that the machine used had the shutter "B" on at the time. This is corroborative of the claim of defendant that the invention was made by Mr. Nicholas Power with the assistance of his workmen in the shop in December, 1905, and January, 1906. Mr. Power is supported by Mr. Uhlmann, who assisted him in making parts. We therefore, have the testimony of four witnesses, one disinterested, the other workmen of defendant, to the effect that the shutter was made at Power's place of business and used publicly prior to the date Le Roy filed his application. The only contradiction of this is the testimony of Bogdanffy, a former employé of Power, who claimed that he made the drawing for this shutter and showed it to Mr. Power and directed its construction. The record of the city water department shows that shutter "B," which Bogdanffy says he suggested to Mr. Power in April, 1907, was submitted· to the department for approval or disapproval in December, 1906, and the witness called from that department is therefore confirmatory of the claim that it was made prior to March 12, 1908. In addition thereto, Mr. Power, in May, 1907, filed an application verified April 24, 1907, for a patent on "B" shutter, and he testified that it was being marketed in May, 1907. There is a long descriptive article in the Motion Picture World in November, 1907. Defendant issued· its catalogue the same year, showing public sale and use of the defendant's device long prior to Le Roy's application for his patent.

Power's application was abandoned for the reason that the Aiken application of July 14, 1906, No. 937,746, was cited against Mr. Power. It was likewise cited against Le Roy. An arrangement was made to permit Power to operate under a license with the Aiken patent.

[2] The use by Smith on the occasion mentioned was a public use such as is contemplated by the statute. There were no restrictions placed on Smith's use of the machine with the "B." shutter on it, nor were there any restrictions placed on Houn's use of the machine. Each used· the machine with the shutter, in giving moving picture performances. The machine was in a position where it could be observed by all present. One of the purposes was the illustrating of the shutter, and it was a necessary part of the apparatus for making the exhibition of the pictures, and the fact that no charge was made by Power to Smith for putting and using the shutter on his machine does not alter

the public use. Egbert v. Lippman, 104 U. S. 333, 26 L. Ed. 755; Andrews v. Hovey, 123 U. S. 267, 8 Sup. Ct. 101, 31 L. Ed. 160; Manning v. Cape Ann Co., 108 U. S. 462, 2 Sup. Ct. 860, 27 L. Ed. 793; Eastman v. City, 134 Fed. 844, 69 C. C. A. 628; Bradley v. Eccles Co., 144 Fed. 90, 75 C. C. A. 248. In Egbert v. Lippman, supra, it was said:

"If an inventor, having made his device, gives [it] or sells it to another, to be used by the donée or vendee, without limitation or restriction, or injunction of secrecy, and it is so used, such use is public, even though the use and knowledge of the use may be confined to one person."

I regard Bogdanffy's claim that he made a drawing of the parts in co-operation with Mr. Power (indeed, it is even claimed that he was the real inventor of the Power shutter "B") as not well founded. His testimony is in direct conflict with many circumstances portrayed by the evidence which cannot be erroneous and point with unerring certainty to the untruthfulness of his claim.

If it be true that Le Roy used his shutter on the machine at an exhibition of motion pictures before the Carlstadt Society on February 26, 1906, such use was more than two years before he filed his application for the patent, and his patent would therefore be void under the United States Revised Statutes, § 4886 (Comp. St. 1916, § 9430).

The claim that Le Roy's patent is anticipated by the prior art, and therefore devoid of invention, may now be examined. The essential elements for a speed operated fire shutter are: (1) The shutter itself mounted for movement into and out of the path of light rays focused on the aperture or sight opening of the machine; (2) the speed control device driven from the film moving mechanism of the projector; and (3) the operating connections between the shutter and the speed control device for shifting the former from its position in front of the aperture to a position beyond the aperture when the speed of the film is sufficient for it not to be ignited by the concentrated light rays.

The Moy & Harrison, British patents granted in 1892, shows in figure I of the drawings the slotted handle and push-in driving shaft shutter actuating mechanism employed in the Power "A" shutter. Figures 2 and 3 show the friction disk arrangement for operating the shutter, while the remaining figures show various types of centrifugally operated shutter, which was the type of device approved by the board of water supply in the Power shutter. While the Moy patent does not disclose the specific devices employed by Le Roy, it discloses a combination of equivalent elements for obtaining the same result. There is a difference in the specific devices employed. The Moy patent employs as the shutter a metal plate mounted to swing in its plane and transverse to the light rays. Le Roy swings his shutter out of the original plane. This does not affect the utility of operation of the shutter, as its sole function is to be interposed to the light rays when the machine is below operative speed; its manner of interposition and the character of its movement being entirely immaterial. The speed control member of the Moy patent employs the well-known ball governor, while the Le Roy uses the centrifugal clutch. This was known to the prior art as advanced by the Malcolmson patent since 1883; the ball governor was used more universally. Moy used a crank arm of the shutter shaft,

having a pin and slot connection with the shiftable member of the ball governor, while Le Roy employs the engaging arms on the clutch shell and shutter respectively.

The particular advantages claimed are not a superior operation of the shutter. For this purpose they are in all respects merely the equivalent of the pin and slot connection of the Moy patent, each of which fully served its intended purpose and transmitted the motion of the speed control device to the shutter. Le Roy's invention must be limited to the combination of the exact elements disclosed by him. Bragg v. Fitch, 121 U. S. 478, 7 Sup. Ct. 978, 30 L. Ed. 1008; Cummings v. Baker, 144 Fed. 395, 75 C. C. A. 373.

There were a number of other applications for patents for fire shutters filed in the Patent Office which were cited against Le Roy, and in each of these prior devices (prior to the date of Le Roy's application) the same combination of the three essential elements of the Moy shutter are found. Each specific element of Le Roy's construction and the exact form used by him is found operating to effect the same function in the same combination, and for the same purpose. The plaintiff urges that the use of the centrifugal clutch in place of a ball-bearing governor and the arrangement of the shutter on the gate, with its operating mechanism designed to permit the opening and closing of the gate without interference with the other parts of the machine, distinguishes his shutter from the Moy, but the advantage of the centrifugal clutch over the ball governor is the substitution of one mechanical equivalent for another; it is a mechanism in itself, and was used prior to Le Roy's invention. His claim of the invention of the centrifugal clutch was disallowed by the Patent Office.

There were four patents cited in the Patent Office proceedings. Two are in evidence as part of the prior art; one Spalding and Smith No. 867,682, dated October 8, 1907, and Aiken, No. 937,746, dated October 26, 1909. In the first, there is disclosed the same combination of the three essential elements found in the Moy patent. This employed the ball governor in place of a centrifugal clutch, but Le Roy was not the inventor of a centrifugal clutch, and he admits that an Edison machine in use prior to his contained centrifugal devices. Then there is the Aiken patent, which was cited against both Power and Le Roy, and is described in the evidence "that the connection between the centrifugal and the shutter consists of an arm (*39*) depending from and wholly supported on the shell (*42*) provided in its end with a socket adapted to be sprung over the crank at the end of the shutter supporting shaft." The shutter is carried by the gate and the centrifugal by the framing machine just as in the Le Roy structure. The parts are not supported by the relative vertical movement as is the Le Roy machine. The engaging means connected to the shell is the depending arm or link (*39*), which is disconnected, and must be disconnected, from the shutter to permit the opening and closing of the gate when the machine is threaded for operation, but is adapted to engage the same; that is, through the shutter shaft when the machine is to be operated.

The cases are uniform in holding that there is no invention in merely selecting and fitting together the most desirable parts of different ma-

chines in the same art, if each operates the same in the new machine as it did in the old and effects the same result. In view of this condition of the prior art, I am of the opinion that the claim of the defendant that Le Roy's patent is anticipated by the art, and is therefore void of invention, is well founded.

The bill will therefore be dismissed.