# WAILES DOVE–HERMISTON CORPORATION v. OKLAHOMA CONTRACTING CO.

## No. 6313.

Circuit Court of Appeals, Fifth Circuit.
Feb. 24, 1932.

Geo. O. Wilson, of Dallas, Tex., and T. Hart Anderson and Samuel W. Foster, both of New York City, for appellant.

J. Hart Willis, of Dallas, Tex., and Charles E. Townsend and Thos. G. Goulden, both of San Francisco, Cal., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was a suit by the appellant for the alleged infringement of United States patent No. 1,733,006, for a "Method of Coating Pipes," issued on the application of Hugh M. Cook and Lorlys R. Rogers, the appellant being the assignee of the patent. The following are the claims of the patent:

"1. The herein described method of applying coating material to a pipe, including first revolving the pipe, applying the coating material while hot on the top of the pipe, and applying a pad of non-conducting material in flat contact with the coating material to uniformly spread the coating and to prevent overflow of excess coating.

"2. The herein described method of applying coating material to a pipe, including first revolving the pipe, applying the coating material while hot on the top of the pipe, applying a flexible pad of non-conducting material in flat contact with the coating material to uniformly spread the coating and to prevent overflow of excess coating, moving the pouring and spreading means longitudinally of the pipe at each successive revolution of the pipe whereby the coating is applied in a general spiral form around the pipe."

The appellee set up as defenses the invalidity of the patent on several grounds, one of those grounds being that the method described in the claims of the patent was in public use in this country more than two years prior to the filing of the application under which the patent was issued. 35 USCA § 31.

The joint application under which the patent was issued was filed July 15, 1929. Previously Cook had filed an application on December 6, 1927, and Rogers had filed an application on October 15, 1928. In each of the two last-mentioned applications the applicant claimed that he was the "original first and sole" inventor of the method described in the claims of the patent in suit. Those two applications were abandoned and canceled prior to the filing of the joint application under which the patent was issued. The patentees publicly used the patented method in coating fifty miles of pipe in a job in which about eighty miles of pipe were coated. That job was commenced in the latter part of June, 1926, and was finished in the first week of December, 1926. The coating was done under a contract which provided for it being paid for at a stated price per lineal foot. The contract price for the coating in which the patented method was used, amounting to over $70,000, was promptly paid when the job was done. It is quite apparent that the main purpose of the just mentioned use of the method in question was for profit, and that a purpose to make the job a means of testing the durability of a coating by the patented method of large pipe buried underground was merely incidental. Such a public use of the method in business and for profit more than two years prior to the application was a bar to the applicants' right to a patent. 35 USCA § 31; Smith & Griggs Mfg. Co. v. Sprague, 123 U. S. 249, 8 S. Ct. 122, 31 L. Ed. 141. Andrews v. Hovey, 123 U. S. 267, 8 S. Ct. 101, 31 L. Ed. 160. That use was more than two years before one of the patentees made any kind of application for a patent on the method in question. That use avoided the patent, whether the joint application under which the patent was issued can or cannot properly be considered to have been a continuation of the previously filed applications, each of which asserted that the method in question was the sole invention of the applicant. In re Roberts, 49 App. D. C. 250, 263 F. 646. The facts of the case do not call for a decision of the question whether the public use of a joint invention would avoid a patent therefor issued under a joint application where that use occurred more than two years prior to that joint application, but less than two years before the filing by the inventors of separate applications which, respectively, asserted that each of them was the sole inventor.

The decree is affirmed.