## DRAINAGE CONSTRUCTION CO. v. ENGLEWOOD SEWER CO.

### (Circuit Court, D. New Jersey. March 27, 1894.)

1. PLEADING IN PATENT CASES—DEMURRER FOR WANT OF INVENTION.

    Where a patent sued on states that it is predicated upon an improvement set forth in a certain prior patent to the same inventor, this does not bring such former patent into the bill, so as to enable the court to make comparisons between the two upon a demurrer alleging want of invention shown upon the face of the patent. Such prior patent, as part of the prior state of the art, must be proved by legal testimony at the hearing.

2. SAME.

    When a bill for infringement is demurred to for want of invention, appearing upon the face of the patent, every doubt should be resolved against the demurrer.

8. SAME—SEWAGE SYSTEM.

    The Waring patent (No. 278,839) for an improvement in sewering and draining towns *held* not void, upon its face, for want of patentable invention.

This was a bill by the Drainage Construction Company against the Englewood Sewer Company for infringement of a patent relating to sewage and drainage of towns. Defendant demurred to the bill on the ground that the patent, on its face, disclosed no patentable invention.

John G. Milburn, James Buchanan, and George O. G. Coale, for complainant.

Samuel A. Duncan, for defendant.

GREEN, District Judge. The bill of complaint in this case is filed to restrain the alleged infringement by the defendant of letters patent No. 278,839, granted June 5, 1883, to the plaintiff, as assignee of George E. Waring, Jr., for an "improvement in sewering and draining towns." The bill is in the usual form of such bills, and sets out the invention, the issuing of letters patent to the inventor, the infringement by the defendant, and the other formal parts of a bill for injunction and account. To this bill the defendant has interposed a demurrer, and for cause thereof alleges that "it abundantly appears on the face of the said patent, and from the earlier patent, No. 236,740, referred to and made a part of the specification of said letters patent No. 278,839, that the last-named patent does not disclose any patentable invention." In the specifications of the letters patent which are the subject of the present suit is a reference to a former patent, in these words:

"The improvement hereinafter described has reference to, and is predicated upon, the improvement in sewering and draining cities set forth in letters patent No. 236,740, dated January 18, 1881, heretofore granted to me, and to which reference may be had."

And the contention of the defendant is that, if reference be had to the former patent, it will become evident that the present improvement has no patentability, for want of invention. It is settled that such want of patentable invention may be objected by way

of demurrer.    But it is equally well settled that on demurrer the court will not consider any question which requires the support of evidence.    The defect in the alleged invention must appear either upon the face of the letters patent under criticism, or spring from those matters of which the court must take judicial notice.    Such is not this case.    So far as the bill itself is concerned, it is certainly not demurrable as a pleading.    So far as the letters patent in question go, there appears, upon their face, to have been an invention made by Mr. Waring which justifies their issue.    It may be that, when carefully compared with some other invention, this alleged improvement may not reach the dignity of invention, but such comparison can be based only upon evidence disclosing what the anticipating or prior invention was.    The mere fact that reference is made to a former invention in the letters patent, as in this case, does not bring that invention to the knowledge of the court, or spread its claims or description upon the record.    As a part of the state of the art, it must be proved by legal testimony.    Fibre Industries Co. v. Grace, 52 Fed. 124.

It was also insisted by counsel for defendant that, without reference to the former patent, there was disclosed upon the present patent a want of patentable invention.    I am not willing to assent to this, although I may say that the argument addressed to the court upon this contention was exceedingly persuasive.    Yet upon demurrer for want of patentability, if a doubt remains, such doubt should be resolved against the demurrant.    Nice questions should not be decided until the complainant has had ample opportunity to present his case in the clearest form.    The demurrer is overruled.