ROWE v. BLODGETT & CLAPP CO.

(Circuit Court, D. Connecticut.    June 15, 1898.)

No. 936.

1. PATENT SUITS—DEMURRER TO BILL.
    On demurrer to a bill for want of invention, appearing on the face of a patent, it is not the duty of the court to investigate the prior art.

2. SAME—DESIGN FOR HORSESHOE CALK.
    The Rowe patent, No. 26,587, for a design for a horseshoe calk, is not, on its face, so manifestly lacking in invention as to be declared invalid on demurrer to a bill for infringement.

This was a suit in equity by Allen H. Rowe against the Blodgett & Clapp Company for alleged infringement of a design patent for a horseshoe calk.

W. E. Simonds, for complainant.

L. P. N. Marvin, for defendant.

TOWNSEND, District Judge. To this bill in equity for infringement of patent No. 26,587, granted to complainant February 2, 1897, for a design for a horseshoe calk, defendant demurs on the ground that said design "is the product of mere mechanical skill, not amounting to a patentable invention." The defendant, in his brief, cites a number of patents, and asks the court to take judicial notice thereof, and thereupon to hold that the configuration claimed in the patent in suit is lacking in originality and beauty. The court has no personal knowledge as to these matters, and does not understand that, in a hearing on a demurrer, it is its duty to investigate the prior art. As a matter of fact, the writer supposed that the ordinary horseshoe calk was an integral part of the horseshoe, hammered to a point by a blacksmith. It is perhaps possible that evidence might be introduced to show that said design was patentable, as a "new and original shape or configuration of an article of manufacture." The demurrer is therefore overruled.