## STAR BALL RETAINER CO. v. KLAHN.

(Circuit Court, D. New Jersey. April 30, 1906.)

1. EQUITY—DEMURRER.

It is not the purpose of a demurrer in equity to raise issues of fact, and, in passing upon one, facts alleged therein must be disregarded, and the allegations of the bill taken as true.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, § 494.]

2. PATENTS—INTERFERENCE SUIT—DEMURRER.

An interference suit brought under the provisions of Rev. St. § 4918 [U. S. Comp. St. 1901, p. 3394], in which the issues depend to some extent on the construction and scope of the claims of the earlier patent in view of the prior art, will not be determined on demurrer.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 536.

Demurrer for lack of novelty and invention in patent infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.]

In Equity. On demurrer to bill.

Julian C. Dowell and Osgood H. Dowell, for complainant.
Baxter Morton, for defendant.

CROSS, District Judge. The defendant has filed a general demurrer to the bill of complaint in this cause. The demurrer, however, partakes more of the nature of an answer than of a demurrer. It is what is sometimes called a "speaking demurrer." A demurrer in equity, as at law, admits all the facts which are properly pleaded. The purpose of a demurrer is not to set out facts, but to test the law arising upon the facts stated in the bill. Questions which cannot be·thus raised must be set out affirmatively either by plea or answer. These propositions are so well settled that a citation of authorities seems wholly unnecessary. See, however, Stewart v. Masterson, 131 U. S. 151, 9 Sup. Ct. 682, 33 L. Ed. 114. Disregarding, therefore, matters of fact set up in the demurrer in denial of the averments in the bill, and accepting, as I must at this time, the statements of the bill as true, I feel constrained to overrule the demurrer. But, were it otherwise, I still think the questions raised could not fairly and justly be settled upon demurrer. The questions intended to be raised by the demurrer may and will depend to some extent upon the construction put upon the claims of the complainant's patent; whether these are to be construed narrowly or broadly will depend upon the prior art, which is not now disclosed; furthermore, expert testimony may be required to aid in solving the question. Thompson-Houston Electric Co. v. Western Electric Co., 72 Fed. 530, 19 C. C. A. 1; Drainage Construction Co. v. Englewood Sewer Co. (C. C.) 67 Fed. 141; Roe v. Blodgett (C. C.) 87 Fed. 868; Indurated Fibre Industries Co. v. Grace (C. C.) 52 Fed. 124, 129. It would be extremely hazardous, if not impossible, to adjudicate the rights of the respective parties upon the demurrer. I am convinced that the case will have to go to final hearing.

The demurrer is overruled, with costs, with leave to the defendant to answer within 30 days.