## MEAD MORRISON MFG. CO. v. EXETER MACH. WORKS.

(District Court, M. D. Pennsylvania. May 29, 1912.)

### No. 122.

**1. PATENTS (§ 167*)—VALIDITY—RECITALS OF PRIOR ART.**

Recitals of the prior art in the specification of a patent can no more be taken as conclusive to negative novelty and invention than the claims of novelty and invention therein to establish the same.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 243; Dec. Dig. § 167.*]

**2. PATENTS (§ 167*)—VALIDITY.**

Where a patented device consists of an organized mechanism, the beneficial results secured by the invention cannot be ascertained by a scrutiny of the patent specification in the light of common popular knowledge.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 243; Dec. Dig. § 167.*]

**3. PATENTS (§ 47*)—VALIDITY—TESTS OF INVENTION.**

The presence of patentable invention or its breadth or importance does not depend on the mere extent or completeness with which the inventor has modified or altered existing devices, but rather on the new and beneficial result accomplished in its particular art.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 56; Dec. Dig. § 47.*]

**4. PATENTS (§ 328*)—INVENTION—HOISTING APPARATUS.**

The Norris patent, No. 722,613, for improvements in hoisting apparatus for unloading coal, is not invalid on its face for lack of patentable invention.

In Equity. Suit by the Mead Morrison Manufacturing Company against the Exeter Machine Works. On demurrer to bill. Overruled.

Emery, Booth, Janney & Varney, of Boston, Mass., for complainant.

A. L. Williams, of Wilkes-Barre, Pa., and E. G. Siggers, of Washington, D. C., for defendant.

WITMER, District Judge. The defendant, the Exeter Machine Works, is charged by the complainant, Mead Morrison Manufacturing Company, in this bill in equity with infringement of letters patent No. 722,613, granted March 10, 1903, to Almor E. Norris, for improvements in hoisting apparatus.

The defendant comes by demurrer, and seeks the dismissal of the bill, alleging that it is wholly without equity, and, furthermore, that:

"It is apparent upon the face of the patent in suit that the alleged invention therein referred to and claimed is not a patentable invention in view of the state of the art as acknowledged in the patent, and that the patent is invalid and void."

The patent in suit relates to hoisting towers, and discloses and claims an organization or combination of a tower, track, propelling gear, supporting boom, engines, winding drums, trolley, hoisting bucket, etc., all for unloading coal. It relates to the specialized art of hoisting by

machine and the relatively involved hoisting by the organized mechanisms and instrumentalities of a coal hoisting tower.

Defendant asks that the patent be held invalid in view of the state of the prior art as acknowledged in the patent. The specifications recite the following:

"Heretofore it has been customary to provide two independent engines placed in different parts of the housing 11 for operating the trolley and the bucket, respectively, the drum of one of the engines controlling the trolley-rope 10 and the drums of the other engine having the opening and closing ropes 8 and 9 wound thereon. In place of these two separately situated engines I substitute a single structure having a trolley operating engine and a hoisting engine."

[1] The recital of the prior art contained in the letters patent can no more be taken as conclusive than the claims made for novelty and invention. The patentee may and often does insufficiently state or explain the prior art relative to the invention, as he may even inadvertently misstate it, entitling him to explain and amplify. Babcock & Wilcox Co. v. North Am. Dredging Co. (C. C.) 151 Fed. 265; Drainage Construction Co. v. Englewood Sewer Co. (C. C.) 67 Fed. 141. The bill of complaint and letters patent, however, also state that the invention is novel, resulting in many advantages over the prior art. Among the advantages specified in the patent are the economy of space, the control of the mechanism by a single operator, the propulsion of the tower without the use of a reversing engine, and "many advantages when employed in combination with a coal hauling tower." The significance of these advantages over the prior art is not fully shown, nor can such be ascertained on demurrer.

[2] The patentee, therefore, must have the opportunity to show by competent testimony the beneficial results secured by the invention before and after the patent. Where the device consists of an organized mechanism such as a coal hoisting tower, these cannot be ascertained by a scrutiny of the patent specifications in the light of common popular knowledge. It is not so clear from the face of the patent as to bar further showing in what these changes or improvements of the former art consist regarding the improved operation or the beneficial effects. Whether it was an obvious thing or not is a question of fact. Beer v. Walbridge, 100 Fed. 466, 40 C. C. A. 496. And the facts are not within the realm of popular knowledge.

[3] The presence of patentable invention or its breadth or importance does not depend on the mere extent or completeness with which the inventor has modified or altered pre-existing devices. It depends, rather, on the new and beneficial result accomplished in its particular art, and the smallest and seemingly most obvious changes have often produced the most beneficial results in well-recognized inventions. This also may be the criterion for considering whether an assemblage of elements constitutes a patentable combination or an aggregation. Goss Printing-Press Co. v. Scott, 108 Fed. 253, 47 C. C. A. 302; Lambert Hoisting Engine Co. v. Lidgerwood, 154 Fed. 372, 83 C. C. A. 350; Loom Co. v. Higgins, 105 U. S. 580, 26 L. Ed. 1177.

[4] Inquiry from the skilled and expert concerning the art involved and the benefits derived from the invention will here be required to overrule the decision of the Patent Office experts. Not satisfied beyond a doubt from all the statements on the face of the patent, and from the common and general knowledge, already referred to, the court will not say that the want of novelty and invention is so impossible that evidence of any kind could not show the facts to be otherwise. American Fiber Co. v. Buckskin Co., 72 Fed. 508, 18 C. C. A. 662. Furthermore, the demurrer admitting that large numbers of the patented apparatus have been sold to the great advantage of the public implies novelty and invention. Krementz v. Cottle Co., 148 U. S. 556, 13 Sup. Ct. 719, 37 L. Ed. 558; Krick v. Jansen (C. C.) 52 Fed. 823; Beer v. Walbridge, supra. An opportunity must be afforded the complainant to justify by proof the action of the Patent Office.

The demurrer is overruled and 30 days allowed the defendant to answer.